Dobbins v. Northampton.

THE STATE, MURRELL DOBBINS ET AL., PROSECUTORS, v. THE TOWNSHIP COMMITTEE OF THE TOWNSHIP OF NORTHAMPTON, IN THE COUNTY OF BURLINGTON, DEFENDANTS.

1. The constitutional mandate that the object of every law shall be expressed in its title, has given the title of an act a two-fold effect. It has added additional force to the title as an indication of legislative intent in aid of the construction of a statute couched in language of doubtful import, and it also operates as a constitutional limitation upon the enacting part of the law. The enacting part of a statute, however clearly expressed, can have no effect beyond the object expressed in the title. To maintain any part of such a statute, those portions not embraced within the purview of the title must be exscinded; and, if the superaddition to the declared object cannot be separated and rejected, the entire act must fail.

2. The act of March 27th, 1882 (*Rev. Sup.*, *p.* 1058), entitled "An act authorizing the township committees in any township in this state not containing an incorporated city or borough wholly or in part within its limits, to pave or macadamize any street or streets, road or roads, or part or parts thereof, within said township," &c., although in the enacting part applicable to all the townships of this state, must be construed in subordination to its title, and is therefore special and local within the interdict of paragraph 11, § 7, art. 4, of the constitution.

——————

Argued before Justices DEPUE, KNAPP and DIXON.

For the prosecutors, *C. E. Merrit* and *M. R. Sooy.*

For the defendants, *Howard C. Levis.*

The opinion of the court was delivered by

DEPUE, J.   This writ brings up the proceedings of the township committee of the township of Northampton, in the county of Burlington, for paving Mill street, in the town of Mount Holly.

The improvement was authorized and executed, and the assessments therefor made under a statute passed March 27th, 1882.  *Rev. Sup., p.* 1058.

The act provides that whenever the citizens of any township of this state shall, at any special or annual town-meeting, pass a resolution, by a two-thirds vote, ordering the paving or macadamizing of any street or streets, road, roads, or part or parts thereof, within the bounds of said township, and shall specifically appropriate money for that purpose, the township committee shall cause the same to be paved or macadamized in accordance with such resolution. The act authorizes the township committee to fix grades, to decide the kind and quality of pavement or road-bed, to cause streets to be curbed, to contract for the work, to make assessments for benefits to defray the cost of the improvement, sell lands for the collection of assessments, &c. The twenty-eighth section provides that nothing therein contained should give the township committee of any township any control of or supervision over any road or roads, or part of the same, lying and being within the limits or boundaries of any incorporated town, borough or city, being within the limits or bounds of any township, and which road or roads are now by law under the control and supervision of the municipal authorities of any such town, borough or city.

The act is entitled "An act authorizing the township committees in any township in this state not containing an incorporated city or borough wholly or in part within its limits, to pave or macadamize any street or streets, road or roads, or part or parts thereof, within said township," &c.

Mount Holly is not an incorporated city or borough. It is an incorporated town lying and being within the bounds of the township of Northampton, incorporated for special and limited purposes, without any control or supervision over roads within its corporate limits. It is a municipality created for special and limited purposes of the character of that which was under consideration in *State* v. *Troth,* 5 *Vroom* 377, 386 ; *S. C., on Error,* 7 *Vroom* 422. Within the principles laid down by this court in that case, and approved by the Court of Errors—though the decision of this court was reversed on other grounds—Mount Holly is, for the purposes of control

and supervision over roads, part of the township of Northampton. The objection that this act does not apply to roads in Mount Holly, because towns are not mentioned in the title, is without foundation. It may be added that section 28 may be rejected without impairing the legal effect or efficiency of the act, for it is inconceivable that a town, borough, city or other municipality having by its charter complete control of its streets, should be affected by a law on the subject of roads relating to townships, because such borough, city or municipality happened to be within bounds of a township.

An objection arising upon the construction of this act, in connection with its title, is more formidable. Upon such a construction it is contended that the act is a local and special law within paragraph 11, § 7, art. 4, of the constitution, which declares that the legislature shall not pass private, local or special laws in any of the following enumerated cases, among which is enumerated "laying out, opening, altering and working roads or highways," and which enjoins upon the legislature to pass general laws providing for the cases enumerated.

The body of the act applies to all the townships of this state. A law embracing all cities, or all townships, is a general law within the meaning of this clause of the constitution; for, as was said by Mr. Justice Dixon, in *Anderson* v. *City of Trenton*, 13 *Vroom* 486, these bodies, because of their marked peculiarities, are, by common consent, regarded as distinct forms of municipal government, and so constituting classes by themselves. This principle has been repeatedly adopted and acted upon. *Van Riper* v. *North Plainfield*, 14 *Id.* 349; *Green* v. *Hotaling*, 15 *Vroom* 347, 348; *Stilsing* v. *Davis*, 16 *Id.* 390; *Fitzgerald* v. *New Brunswick*, 18 *Id.* 479, 487; *S. C.*, 19 *Id.* 457. But the enacting part of the act is qualified and restrained by the title. In the title the legislature announces its purpose to legislate, not for all the townships of this state, but only with respect to such of them as do not contain an incorporated city or borough either wholly or in part within the limits of the township.

The constitutional mandate that the object of every law shall be expressed in its title, has given the title of an act a two-fold effect. It has added additional force to the title as an indication of legislative intent in aid of the construction of a statute couched in language of doubtful import, and it also operates as a constitutional limitation upon the enacting part of the law. The enacting part of a statute, however clearly expressed, can have no effect beyond the object expressed in the title. To maintain any part of such a statute, those portions not embraced within the purview of the title must be exscinded; and if the superaddition to the declared object cannot be separated and rejected, the entire act must fail. *Rader* v. *Township of Union*, 10 *Vroom* 509; *Wright* v. *Moran*, 14 *Id.* 49; *Van Riper* v. *North Plainfield*, *Id.* 349; *Evernham* v. *Hulet*, 16 *Id.* 53; *Hendrickson* v. *Fries*, *Id.* 555, 563; *In re Paul*, 94 *N. Y.* 497, 507. To maintain this act in any particular it must be construed as a law applicable only to such townships as do not contain any incorporated city or borough wholly or in part within the township limits.

The act, as construed in subordination to its title, sufficiently designates the townships to which its provisions were intended to apply. But designation, by description or otherwise, will not fulfill the essential qualities of a general law within this constitutional provision. The only classification allowed is that which embraces a group of objects distinguished by qualities and characteristics sufficiently marked and important, having regard to the purposes of the legislation to make them a class by themselves, including all, excluding none, which pertain to the class. This rule has been so frequently enunciated that a citation of the authorities would be superfluous. The classification on which this act rests is a classification setting apart townships not having an incorporated city or borough within the township bounds from the other townships in this state. The subject of the legislation—grading, making and working roads—is one that is common to all the townships of this state, as well as to the townships set apart for this scheme of legislation. There is no quality

which distinguishes the townships so circumstanced from the other townships of this state, or the roads in such localities from other highways in this state. A classification of this character is plainly insufficient to answer the essentials of a general law. It is conceded by counsel that under the classification adopted, the act would apply to Northampton township, which has within its boundaries the incorporated town of Mount Holly, and not to the neighboring township of Pemberton, for the reason that the latter township has an incorporated borough within its boundaries—a condition of inequality in the application of this law that would arise in many of the counties in this state.

For the reasons given, the proceedings under review should be set aside.