WILLIAM C. FALKNER v. GEORGE ·H. DORLAND.

The supplement to the act relating to "writs of error," passed in the year 1890, authorizing the removal of decisions, on motions for new trials, by writs of error, is unconstitutional, as its title does not express its object.

On error to the Circuit Court of the county of Warren.

Argued at February Term, 1892, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE and VAN SYCKEL.

For the plaintiff in error, *Henry S. Harris.*

For the defendant in error, *Joseph M. Roseberry.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This was a suit brought in the Circuit Court of the county of Warren, and it was there tried, and a verdict rendered for the plaintiff. Thereupon a

rule to show cause why a new trial should not be granted was entered, and the motion having been heard upon the case made at the trial, and upon certain supplementary testimony, a new trial was refused.

These are the proceedings and decision that are now pending before this court, they having been brought here by a writ of error.

This course has been taken and is supposed to be justifiable by virtue of an act of the legislature enacted in the year 1890, and the first question to be decided, and which meets us at the threshold of our inquiry, is with respect to the legality of that statute.

Upon examination of the subject my conclusion is, that the legislation in question is void, from the fact that its title does not express its object. It purports to be a supplement to the act entitled "An act respecting writs of error." The infirmity of this description is, that it cannot, with the least show of reason, be so construed as to comprehend the process which it attempts to authorize. The act does indeed designate such process a writ of error; but that does not make it such. Besides, in view of the constitutional prescription, such new-fangled process thus sought to be instituted must have been, before and at the time of the passage of the law, of the nature of a writ of error, or the title was grossly illusive. The process contrived by this law has for its function the removal of decisions founded on blended law and fact, a function that in no sense appertains to writs of error, whose sole ability always has been and is to bring before the higher court, for review in matters of law, the judgments of inferior jurisdictions. Most plainly, the procedure before us is an appeal, and not one in error.

The criterion in these cases is, to ascertain as closely as practicable what impression, as to the object of the statute, its titular expression is calculated to disseminate. The obvious purpose of the requirement is to give information on the subject to legislators and the public. Looking at the title of the law in question in this way, it seems quite unreasonable to

deny that its object as expressed is wholly misdescribed; consequently it is erroneous in the worst degree, for it is misleading.

For this reason the statute referred to is inoperative, and the consequence is, that the present procedure is without legal basis, and must be dismissed.