THE STATE, ZEBULON POLHAMUS, PROSECUTOR, v. THE
STATE OF NEW JERSEY, DEFENDANT.

1. Where a party is indicted for dredging upon an oyster bed duly staked up within the waters of this state, belonging to any other person, without the permission of such owner, and the title of the act under which the indictment is found is limited to the better enforcement in Maurice River cove and Delaware bay of an act entitled "An act for the preservation of clams and oysters," the indictment is defective, unless it is limited to an oyster bed duly staked up either in Maurice River cove or Delaware bay, and the indictment not being thus limited, but alleging simply a dredging in an oyster bed duly staked up within the waters of the state, is defective and should be quashed; the indictment merely charging a statutory offence unknown to the common law, and failing to clearly state the essential fact that the violation of the statute was in Maurice River cove or Delaware bay.

2. The title of a statute is not only an indication of the legislative intent, but is also a limitation upon the enacting part of the law.

On *certiorari* to the Cumberland Quarter Sessions.

Argued at June Term, 1894, before Justices DIXON, REED and ABBETT.

For the prosecutor, *Walter H. Bacon* and *David J. Pancoast.*

For the defendant, *William A. Logue* and *William E. Potter.*

The opinion of the court was delivered by

ABBETT, J.    The writ of *certiorari* in this case brings up for review an indictment returned to the Court of General Quarter Sessions of the Peace for the county of Cumberland.

This indictment presents "that Zebulon Polhamus, late of the township of Downe, in the county of Cumberland, on the 12th day of April, in the year of our Lord one thousand eight hundred and ninety-four, in the township of Downe, in the county of Cumberland aforesaid, and within the jurisdic-

tion of this court, did dredge upon and throw or cast his oyster dredge or oyster dredges for the purpose of catching oysters upon a certain oyster bed duly staked up within the waters of this state, belonging to Luther Bateman, without the permission of said Luther Bateman, the owner thereof, contrary to the form of the statute," &c.

This indictment was found under color of a statute entitled "A further supplement to an act entitled 'An act for the better enforcement in Maurice River cove and Delaware bay of the act entitled "An act for the preservation of clams and oysters," approved April fourteenth, eighteen hundred and forty-six, and of the supplements thereto,'" which said act was approved March 21st, 1871 (*Rev.*, *p.* 140), and this further supplement was approved March 8th, 1882. *Pamph. L.*, *p.* 55, and *Rev. Sup.*, *p.* 116.

The indictment was found under section 10 of this supplement of March 8th, 1882, which directs: "That any person who shall hereafter dredge upon, or throw or cast his oyster dredge, or any other instrument, for the purpose of catching oysters upon any oyster bed duly staked up within the waters of the state, belonging to any other person, without the permission of such owner, shall be deemed guilty of a misdemeanor, and upon conviction, shall be punished by a fine not exceeding two hundred dollars, or by imprisonment for any term not exceeding one year, or both."

The indictment in question is defective, because it does not set forth the requisite facts to show that a misdemeanor was committed by the party indicted. In charging a statutory crime, unknown to the common law, every essential fact must be clearly stated. Where the indictment is silent on a material fact, no presumption against the defendant will aid it. Presumably all that the grand jury heard and found is in the indictment, and if as it stands all that is in it may be true and still the defendant be innocent, he cannot be called to trial upon it, according to law. See *State* v. *Malloy*, 5 *Vroom* 410; *Zabriskie* v. *State*, 14 *Id.* 640; *State* v. *Smith*, 17 *Id.* 491.

The Supreme Court, in *State* v. *Post,* 26 *Vroom* 264, held that an indictment was defective because it failed to allege that the grounds upon which the defendant was charged with having taken oysters were grounds used or occupied by citizens of this state, the offence being purely statutory, and the statute having made the citizenship of the occupant an essential ingredient of the offence.

In the indictment under consideration it fails to allege that the oyster bed named in the indictment was in Maurice River cove or Delaware bay. If this act be held constitutional—about which the court expresses no opinion—it can only be on the ground that the general language contained in the second section is to be construed as limited to Maurice River cove and Delaware bay.

Justice Depue, in delivering the opinion in the Court of Errors and Appeals in the case of *Hendrickson* v. *Fries,* 16 *Vroom* 555, 563, says: "Under the provision of our constitution, the title of the statute is not only an indication of the legislative intent, but is also a limitation upon the enacting part of the law. It can have no effect with respect to any object that is not expressed in the title."

The Supreme Court, in *Dobbins* v. *Northampton,* 21 *Vroom* 496, 499, says: "The enacting part of a statute, however clearly expressed, can have no effect beyond the object expressed in the title. To maintain any part of such a statute those portions not embraced within the purview of the title must be exscinded; and if the superaddition to the declared object cannot be separated and rejected, the entire act must fail." In that case the court said: "To maintain this act in any particular it must be construed as a law applicable only to such townships as do not contain any incorporated city or borough wholly or in part within the township limits."

The indictment charges that Polhamus dredged upon a certain bed duly staked up within the waters of this state without the permission of said Luther Bateman, the owner. As the act cannot stand, except as limited to Maurice River cove and Delaware bay, all that is alleged in the indictment might

be proved and yet no indictable offence have been committed under the statue, which cannot stand at all unless limited to the cove or bay named in the title of the act. Dredging in any of the waters of the state, except in Maurice River cove or Delaware bay, is not an indictable offence under section 10 of the act of March 8th, 1882.

The indictment should be quashed.