CLARENCE SCHENCK v. THE STATE OF NEW JERSEY.

The title "An act to provide for the regulation and incorporation of insurance companies" does not express as one of its objects the regulation of the business of individual insurers. Such regulation, if imposed in the body of the enactment, is in violation of article 4, section 7, paragraph 4 of the Constitution.

---

On error to Essex Circuit.

This suit is brought in the name of the state on the complaint of the insurance commissioner, for the recovery of the penalty incurred by the defendant below by violating the insurance laws of this state. There is no dispute as to the facts. The defendant negotiated a contract of insurance, and

delivered a policy of insurance against fire on property in this state, and recovered the premium therefor. The policy was in the "Metropolitan Lloyds of New York City."

From the language of the policy it appears that the insurance contract was a several contract with twenty individual insurers, each of whom assumed one-twentieth of the risk. The defendant, therefore, in negotiating the contract, delivering the policy and receiving the premium, was acting as the agent of individual insurers.

There are two questions in the case—

*First.* Do the insurance laws of this state prohibit an individual from becoming an insurer against fire, and inflict a penalty upon the agent of such individual insurer?

*Second.* If the laws of this state so provide, are they constitutional?

Argued at February Term, 1896, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, MAGIE and GARRISON.

For the plaintiff in error, *Colie & Swayze.*

For the defendant in error, *Howard W. Hayes.*

The opinion of the court was delivered by

GARRISON, J. From the foregoing statement, which is excerpted from the brief of counsel for the defendant in error, it is evident that if there exist no valid legislative authority for the action he has brought, no other question should be considered. In my opinion there is no valid authority for inflicting upon the agent of an individual insurer the penalty provided by the several acts of the legislature upon which sole reliance is placed.

The course of legislation upon this subject in this state has been as follows, the significant feature being the evolution of the title of the present general statute:

In 1826 (*Pamph. L., p.* 67) "An act relative to insurance companies" was passed.

In 1845 this act was amended by the title of "An act relative to ensurance companies." *Pamph. L.*, *p.* 166.

In 1846 it was further supplemented under the same title. *Pamph. L.*, *p.* 4.

In 1850 the original spelling of the title was restored. *Pamph. L.*, *p.* 183.

In 1860 a new statute was approved with the title "An act to regulate the business of fire insurance by companies or associations not incorporated by this state." *Pamph. L.*, *p.* 411.

Again, in 1867, a new act was passed with a new title, to wit, "An act to regulate the business of fire, life, accident, marine and live stock insurance by companies or associations not incorporated by this state." *Pamph. L.*, *p.* 776.

In 1874 this act was amended by the original title.

The Revision of 1875 repealed all of these acts and enacted a General Insurance law, the title of which is "An act to provide for the regulation and incorporation of insurance companies." *Rev.*, *p.* 507.

Since the adoption of the Revision this statute has been, at sundry times, amended, but always under the title given to it by the revisers.

It will be observed that from the earliest period of this statutory history down to the present time, the legislative will has always been expressed under a title that included companies, associations and corporations, but never individuals, the existing title being in this respect the least flexible of them all.

The canon of constitutional limitation, applicable to this state of legislation, is illustrated in the opinion delivered in the Court of Errors and Appeals in the case of *Hendrickson* v. *Fries*, 16 *Vroom* 555.

"Under the provisions of our constitution," said Mr. Justice Depue, "the title of a statute is not only an indication of the legislative intent, but is also a limitation upon the enacting part of the law. It can have no effect with respect to any object that is not expressed in the title." This neces-

sarily disposes of the writ of error now before us, for the regulation of the business of an individual insurer is an object that is in no wise expressed by the words "regulation and incorporation of insurance companies."

The proposition so ably argued by either counsel, viz., "that the legislature is devoid of right to prohibit the transaction of the business of insurance by individuals," should not, upon this record, be decided; it is fundamental in character and to be passed upon only when necessary to the exposition of an existing enactment.

The judgment brought up by this writ is reversed.