SUN INSURANCE OFFICE OF LONDON v. HENRY MERZ.

Argued March 1 and 2, 1899—Decided June 12, 1899.

1. The "Act to permit and allow firms and individuals not less than twenty in number under each organization, known as fire Lloyds, to insure others against loss or damage by fire and lightning, and to un-

derwrite policies of insurance issued therefor under the Lloyds form," approved March 25th, 1895 (*Gen. Stat.*, *p.* 1784), confers authority to insure property against such loss or damage not only in favor of owners but of any person having an insurable interest therein.

2. An insurer of property against such loss or damage acquires thereby an insurable interest therein, and a Lloyds association may insure such insurer against his loss or damage by the contract commonly called re-insurance.

3. The act amending the above-recited act, approved March 26th, 1896 (*Pamph. L.*, *p.* 156), in prohibiting the transaction of the business of insurance by such associations except as authorized by said acts, does not make unlawful such a contract of re-insurance.

4. On October 13th, 1897, a Lloyds association contracted with an insurance company to re-insure it against such loss or damage on property insured by it as might occur in the months of October, November and December, 1897. The contract was not limited to such loss or damage as might occur on policies which on October 13th the re-insured company had written and become liable upon. *Held*, that since the contract of re-insurance by its terms bound the association for losses on property in which at its date the re-insured company had no insurable interest and therein was invalid, and since the contract was upon a single consideration and entire and inseparable, it was wholly lacking in validity.

On demurrer to declaration.

Before MAGIE, CHIEF JUSTICE, and Justices GARRISON, LIPPINCOTT and COLLINS.

For the plaintiff, *Edward A. Day.*

For the defendant, *Edward M. Colie.*

The opinion of the court was delivered by

MAGIE, CHIEF JUSTICE. The questions argued in this case arise on a demurrer to the first and second counts of the plaintiff's declaration. Each of these counts is founded upon a contract which is referred to therein and annexed to the declaration. It will be convenient to consider the contract which, being so referred to and annexed, cures any defects by reason of not setting forth or insufficiently setting forth the same in the body of the declaration.

The contract purports to be executed on October 13th, 1897, by the defendant and twenty-four other persons and firms. Its pertinent provisions are the following: "We, the undersigned, firms and individuals, as separate underwriters, each represented by and acting through Thomas & Bellows, of the city of Jersey City, hereinafter called the attorneys, and each firm or individual acting separately and not one for the other or for any of the others, do hereby agree to insure the separate amounts placed after our names respectively in consideration of stipulations herein named, and of the payment to and receipt by us of our respective proportions of the sum of three thousand dollars as premium of such insurance, and do hereby separately in the said amounts re-insure the Sun Insurance Office of London for the term of time from the 30th day of September, 1897, at midnight, to the 31st day of December, 1897, at midnight, against all direct loss or damage by fire to the property herein mentioned, except as hereinafter provided, to an amount not exceeding in the aggregate the sum of $25,000, nor exceeding the interest of the assured in said property, to the following described property while located and contained as described herein and not elsewhere, to wit:

"Re-insurance of the Sun Insurance Office of London.

"Being a re-insurance of the liability of the Sun Insurance Office for claims for loss and damage done by fire or lightning occurring in the months of October, November and December, 1897, destroying and damaging property located anywhere in the United States and territories.

"*First.* The property must be damaged or destroyed by fire between midnight of September 30th, 1897, and midnight of December 31st, 1897. Property damaged prior to midnight of September 30th, 1897, or after midnight of December 31st, 1897, is not re-insured or covered by this policy.

"*Second.* No claim for loss can be made upon the New Jersey State Fire Association until the Sun Insurance Office of London presents a statement, under oath, that they have suffered and paid losses by and in consequence of fires occur-

.ring during the time between midnight of September 30th, .1897, .and midnight of December 31st, 1897, equal to the -sum of $172,500, net, after salvages and all re-insurance ·applicable thereto have been allowed."

The present action against the defendant is supported by virtue of the following provision of the contract: "In the ·event of litigation herein, to avoid a multiplicity of suits, no ·suit or other proceeding at law or in equity shall, in any .event, be begun or maintained for the recovery of any claim upon, under, or by virtue of this policy against. more than one of the underwriters hereon at any time, nor in any court other than the highest court of original jurisdiction; and, a final decision in such suit or other proceeding, shall be taken to be decisive of the similar claim, so far as the same may subsist, against each of the other underwriters hereon, absolutely fixing his liability in the premises; each of the underwriters hereon, in consideration of their entire stipulation, so far as he individually is or may be concerned, expressly agrees to accept and abide by the result of such final decision, in the manner and to the same effect as if he had been sole defendant in a similar suit or proceeding as to the similar claim against him, so far as the same may subsist, save and except, however, as to the matter of costs and disbursements. And the attorneys are hereby authorized, as to each underwriter hereon, to receive and admit service of process of any suit or other proceeding begun or maintained as aforesaid."

It is first contended in support of this demurrer, that this contract is one not authorized, but prohibited by the laws of this state. This contention is based on the provisions of the act entitled "An act to permit and allow firms and individuals, not less than twenty in number, under each organization, known as fire Lloyds, to insure others against loss or damage by fire and lightning, and to underwrite policies of insurance issued therefor under the Lloyds form," approved March 25th, 1895 (*Gen. Stat., p.* 1784), as amended by the act entitled "An act to amend an act entitled 'An act to permit and allow firms and individuals, not less than twenty in number, under each

organization, known as fire Lloyds, to insure others against loss or damage by fire and lightning, and to underwrite policies of insurance issued therefor under the Lloyds form, approved March twenty-fifth, one thousand eight hundred and ninety-five,' and to prohibit the transaction of the business of insurance in this state by individuals except as provided in said act," approved March 26th, 1896.  *Pamph. L., p.* 156.

It will be observed that this contention involves the question of whether individual underwriters, acting either singly or in association, require legislative sanction for carrying on the business of insuring property against fire, when they neither seek nor obtain corporate existence or powers for that purpose, and whether the legislature may lawfully prohibit the carrying on of such business by individuals by themselves or in association; questions which were mooted but not decided in this court in *Schenck* v. *State*, 31 *Vroom* 381.

It is deemed unnecessary to discuss those questions, for they have not been argued, and we think that if legislative authority to make this contract was required, it can be found in the legislation referred to, and we do not find any prohibition of such a contract therein.

The contention in respect to authority to make the contract in question is based upon the two acts above referred to, which purport to make it lawful for Lloyds associations, such as this is, to insure property against direct loss or damage by fire or lightning.  The plain construction of this grant is that it confers authority to insure against loss or damage occurring by fire or lightning, in favor, not only of the owners of property, but also of all having any insurable interest therein.

It is well settled that an insurer of property acquires by his contract an insurable interest therein, which he may protect by a contract indemnifying him in whole or in part, which contract, although it is called re-insurance, has the qualities and incidents of a contract of insurance.  *Eastern Railroad Co.* v. *Relief Insurance Co.*, 98 *Mass.* 420; *Manufacturers Insurance Co.* v. *Western Assurance Co.*, 145 *Id.*

419 ; *New York Bowery Fire Insurance Co.* v. *New York Fire Insurance Co.,* 17 *Wend.* 359 ; *Phœnix Insurance Co.* v. *Erie Transportation Co.,* 117 *U. S.* 312 ; *Wood F. Ins.,* § 262.

Such being the construction of the authority granted by the acts in question, the provisions prohibiting insurance not thereby authorized do not make a contract of re-insurance unlawful.

The next contention, is that the contract in question is wholly void because it stipulates for the indemnity of the company against losses upon property in which it had no insurable interest. This contention is put on the ground that the contract which is dated October 13th, 1897, re-insures the liability of the company for loss and damage by fire and lightning in the months of October, November and December of that year, without any limitation to such loss and damage as occurred upon policies which on October 13th, 1897, the company had written and become liable upon. Obviously, by the language of the contract, the underwriters undertake to indemnify the company with respect not only to losses on policies existing at its date, but also with respect to policies which it should thereafter write.

As has been seen the right to procure contracts of re-insurance is grounded upon the insurable interest arising out of the original contract of insurance. Before the latter contract comes into existence the insurer has no insurable interest in the property.

In this court it seems settled that a contract insuring the life of a person may be supported in favor of one who has no insurable interest in that life. *Trenton Mutual Insurance Co.* v. *Johnson,* 4 *Zab.* 576 ; *Vivar* v. *Knights of Pythias,* 23 *Vroom* 455, 469.

This doctrine has never been discussed in the Court of Errors. *Meyers* v. *Schumann,* 9 *Dick. Ch. Rep.* 414.

But this court recognizes a distinction between such contract and a contract insuring against loss by fire, and has declared that the latter is a contract which requires an insurable interest in the property to give it validity. *Martin* v. *Franklin Fire Insurance Co.,* 9 *Vroom* 140. A contract to

insure property against loss by fire in favor of one having no insurable interest therein is a wagering contract, and void as against public policy. *Wood F. Ins.*, § 250.

With respect, therefore, to the indemnity against loss, during the period named, against insurance policies written by the company after the issuing of this policy, this contract is void.

The general rule in respect to insurance contracts which are invalid in part is that if the consideration is single and the contract entire and not separable, the whole contract is void. *Wood F. Ins.*, § 152.

This rule is plainly applicable to the contract in question, and it results that the demurrer is well taken to these counts founded thereon.

Demurrant is entitled to judgment.