THE MORRIS AND ESSEX RAILROAD COMPANY AND THE
DELAWARE, LACKAWANNA AND WESTERN RAILROAD
COMPANY, PLAINTIFFS IN ERROR, v. THE MAYOR AND
COMMON COUNCIL OF THE CITY OF NEWARK AND THE
STATE BOARD OF ASSESSORS, DEFENDANTS IN ERROR.

Argued March 16, 1899—Decided June 19, 1899.

1. The tribunal consisting of three justices of the Supreme Court, as-
signed by the Chief Justice to determine whether railroad property
has been lawfully assessed by the local authorities under the two hun-
dred and thirty-ninth section of the Tax act, is, *pro hac vice*, the Su-
preme Court.
2. In such a proceeding the determination by the Supreme Court of a
question of fact sustained by competent testimony is a finality.
3. A writ of error brings for review before the higher court the judg-
ments of inferior tribunals upon matters of law only.

---

On error to the Supreme Court. For opinion of the
Supreme Court see 31 *Vroom* 60.

For the plaintiffs in error, *Flavel Magee.*

For the defendants in error, *Frederick T. Johnson.*

The opinion of the court was delivered by

GARRISON, J. This is a proceeding under the two hundred and thirty-ninth section of the Tax act. *Gen. Stat., p.* 3332.

The legislative provision is that in case any property of any railroad which has been assessed by local authority shall also be assessed by the state board of assessors, the Supreme Court or any three justices thereof, to be assigned by the Chief Justice, shall determine in a summary manner by which assessment the said property has been lawfully assessed. The criterion is whether the property in question is used for railroad purposes. In the present instance the tribunal of three justices decided that part of the property had been lawfully assessed by the local authorities and that the rest of it came under the jurisdiction of the state board.

A preliminary inquiry is whether the tribunal in question is the Supreme Court or whether it is merely an agency of legislative creation. I incline to the opinion that it is, *pro hac vice*, the Supreme Court. The act so denominates it, referring to its determination as the "judgment of the court," and provides that "said judgment may be reviewed on writ of error by the Court of Errors and Appeals," a provision that has no valid application to the findings of a mere statutory tribunal. This is the view most favorable to the plaintiffs in error, and is, in fine, essential to the maintenance of the appellate procedure, for if the record brought here be not the final judgment of the Supreme Court, but only that of a special statutory tribunal, the remedy should be by *certiorari* to the Supreme Court and not by this court's writ of error.

Regarded in this light the judgment of the Supreme Court must be affirmed. The controversy in that court was essentially one of fact, viz., whether a certain part of the property was used for railroad purposes or for commercial purposes. Upon the evidence before it the court below drew the latter inference. There was before the Supreme Court testimony competent to sustain this verdict, hence the finding of that court upon this question of fact is a finality. *Moran* v. *Jersey*

*City*, 29 *Vroom* 653. Apart from the reasoning of the case cited, which is germane, although upon a different statute, the language of the act under review leads to the same result. The remedy given by this statute and now invoked is by writ of error, " whose sole ability always has been and is to bring before the higher court for review, in matters of law, the judgments of inferior tribunals." It is no part of the function of this writ to remove by way of appeal decisions founded upon blended law and fact. *Falkner* v. *Dorland*, 25 *Vroom* 409.

The judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, COLLINS, DIXON, GARRISON, VAN SYCKEL, ADAMS, BOGERT, HENDRICKSON NIXON, VREDENBURGH.    11.

*For reversal*—None.