STEPHEN B. WILSON, RELATOR, v. ISAAC H. SMITH, JR., RESPONDENT.

Argued February 24, 1911—Decided March 17, 1911.

A statute entitled "An act to regulate the terms of office of the city treasurer and city surveyor or engineer in certain cities of this state," does not express in its title a legislative intent to fix the method of selecting such officers, and a statute which, under such title, prescribes the method of selection, embraces an object not expressed in its title, and is therefore unconstitutional.

On *quo warranto*.

Before Justices SWAYZE, BERGEN and MINTURN.

For the relator, *Grey & Archer*.

For the respondent, *French & Richards*.

The opinion of the court was delivered by

BERGEN, J.   At the general election held November 8th, 1910, the relator was elected treasurer of the city of Cape May, which office the respondent then held, and now refuses to surrender to the relator whose term of office, if he is entitled thereto, began January 1st, 1911.   The relator instituted *quo warranto* proceedings against the respondent to test his title to the office, and the question now to be de-

termined is the sufficiency of pleas filed by the respondent, which the relator challenges by demurrer.

The relator claims title under an election held pursuant to the terms of the act under which the city of Cape May is incorporated, entitled "An act to revise the charter of the city of Cape May" (*Pamph. L.* 1875, *p.* 206), which fixes the term of the office at one year, and provides for an election by the people, such officer to hold his office until his successor shall be chosen and legally qualified. Section 8 of the charter provides that in case of any vacancy in any office it shall be lawful for the city council to appoint others in their stead until the next city election, or in case of appointed officers until the regular period for appointment, officers so selected, to perform the services, be entitled to the fees, and subject to the same responsibilities, "as though elected at the annual election or appointed at the regular time." The charter uses the word "appointed" to distinguish officers appointed by the common council from those elected by a vote of the people.

The information shows that the relator was elected in November, 1910, to serve from the first day of January, 1911, until the first day of January, 1912, under which election, held pursuant to the terms of the charter, the relator claims title to the office. To the information the respondent pleads, first, that he was appointed to the office in 1907, and that by reason of such appointment, "and the provisions of chapter 31 of the laws of the State of New Jersey for the year 1904, this defendant became entitled to hold said office of city treasurer for the term of three years, and that by virtue of the provisions of chapter 18 of the laws of the State of New Jersey for the year 1901, is entitled to continue to hold such office and to exercise the duties thereof, notwithstanding the time limited for its continuance shall have expired, until his successor has been duly appointed and qualified; that no one has been appointed city treasurer of said city since the appointment of this defendant as aforesaid, and this defendant has been, and still is, city treasurer of said city of Cape May." To this plea the relator demurs, and the question presented is whether, under the state of the law relating to the selection

of a treasurer in the city of Cape May in the year 1907, the respondent could be lawfully appointed to the office of city treasurer by the common council and hold his office until his successor was appointed by some other method than by an election by the voters of the city, and this requires an interpretation of chapter 31 of the laws of the State of New Jersey approved in 1904, upon which the plea of the respondent rests.

This act (*Pamph. L.* 1904, *p.* 53) reads as follows: "An act regulating the terms of office of the city counsel, city treasurer and city surveyor or engineer in certain cities of this state.

"In every city in this state in which the terms of the city counsel, city treasurer and city surveyor or engineer are now limited to one year by the respective charters thereof, the said city counsel, city treasurer and city surveyor or engineer shall hereafter be appointed and hold their respective offices for the term of three years."

As the charter provides but two methods for the selection of city officers, one by an election by the voters, and the other by appointment by the common council, the act above set out, if applicable, changes the method of selection from an election by the voters to an appointment or election by the common council, and as the charter distinguishes between an election by the people and an appointment by the common council, it is quite manifest that the act is intended to change the method of selection from an election by the voters, to appointment by the common council, and it is this change of method that the respondent relies upon to maintain his plea.

The relator urges that this change in the method of selection renders the act unconstitutional, because, by the charter of the city, its treasurer is to be elected by the people, while by the act under consideration he is to be appointed by the common council, and that this object of the legislation is not expressed in its title.

The constitution of this state, article 4, section 7, paragraph 4, declares "that every law shall embrace but one object, and that shall be expressed in the title," and it is urged

FEBRUARY TERM, 1911. 135

that as the act under which the respondent attempts to justify has two objects, namely, to extend the term of office of the city treasurer and certain other officers from one year to three, and also to prescribe the method of selection, to wit, by appointment, the latter of which is not expressed in its title, it violates the constitutional requirement above set out. This objection is sound, for regulating the term of office does not express an intention to fix the method of selecting the officers whose terms are to be regulated, the act therefore contravenes the organic law of the state, in that the object is not expressed in its title, and falls within that class of statutes which have been uniformly declared by the court to be unconstitutional.

The views above expressed apply with equal force to the third plea in which the respondent avers that it is not lawful to elect a treasurer in the city of Cape May, because, if the act of 1904 is unconstitutional, then under the charter of the city of Cape May the city treasurer is to be elected by the people annually, and such election is the basis of the claim of the relator.

This result requires that the demurrer to the first and third pleas filed by the respondent be sustained.

The relator is entitled to judgment on his demurrer, and it is so ordered.