———————o———————

## No. 6861.

## MRS. MARTIN PEREZ v. MRS. ALICE GUITARD, Et Al.

### Syllabus.

The assumption by a wife of a debt of her husband as a consideration of a dation *en paiement* to her renders the dation as well as the assumption **null**.

191

No prescription runs against such nullity.

A co-proprietor is not liable for his occupancy of the common property.

A co-proprietor occupying the common property cannot make improvements and repairs for the purpose of his enjoyment and charge same to his co-owners.

The cost of paving must also be borne by him.

The claim of a co-proprietor occupying the common premises for taxes paid by him is compensated by the value of his occupancy.

A co-proprietor cannot charge his co-owners for insurance effected by him in his name.

On the annullment of a sale to a mortgagee his claim and mortgage revive.

A claim for collation can be asserted only in the succession of the donor.

Appeal from the Civil District Court, Parish of Orleans, No. 102,600, Division "D"; Honorable Porter Parker, Judge.   Amended and Affirmed.

Lazarus, Michel & Lazarus and Sessler, for defendant and appellant.

G. J. Untereiner, Joseph H. Brewer & Gabriel Fernandez, Sr., attorneys.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

In the suit of *Annie Guitard v. Frank Guitard et al., No.* 49,474 of the Civil District Court, filed April 14, 1896, the plaintiff, wife of Martin Perez, alleged that her mother, Sarah McGuigan, wife of John Guitard, died intestate in 1875, leaving as issue of her marriage, with said John Guitard, who has since died:   1st., herself; 2nd, Frank Guitard;

and 3rd, Octavié Guitard, wife of Herman Haupt; that her said mother left as her separate and paraphernal property: **A certain lot of ground** on St. Claude Street forming the corner of Frenchmen Street; that she desired a partition of the property; and she prayed for judgment recognizing her and her two co-heirs above named as the sole and only heirs of their mother and as such sending them in possession of said property, and ordering the sale thereof to effect a partition.

Frank Guitard admitted the truth of all the allegations of the petition and consented to the partition.

Octavie Guitard Haupt pleaded the want of proper parties, alleging that John Guitard had left minor children issue of his second marriage with Mary McGuigan, who have rights in the property "arising out of the community existing between John Guitard and Sarah McGuigan, his first wife." She admitted that she was one of three children by the first marriage of John Guitard; she alleged that the title of her mother was derived from a donation and that a suit was about to be instituted to revoke it and that there should be no judgment until the suit was determined. By a supplemental answer she consented to a judgment for partition.

The children of John Guitard by his **second marriage** were not made parties to this suit.

On the trial of the case the plaintiff, Annie Guitard Perez, testified that the property belonged to her mother alone.

The title to the property was filed in evidence, by which it appears that Bridget McGuigan had donated to her daughter, Sarah McGuigan, $500.00 which her husband, John Guitard had "made use of in purchasing the property." By an act before A. J. Lewis, dated May 8, 1877, John Guitard gave the above property to his wife in payment of his indebtedness to her of the above $500.00. It

193

also appears by the same act that John Guitard had borrowed from Bridget McGuigan $500.00 "for the purpose of building on said property", for which he gave her his note and a mortgage on the property. By a facetious irony Mrs. Sarah Guitard declares in said act that "as she desires that said buildings should be her separate property also and that her said husband should have no interest therein she, therefore, assumes in the lieu and stead of her said husband the payment of said note and also the reversion of said mortgage", and so as to leave nothing undone, Widow Bridget McGuigan intervenes in the act.

On November 13, 1896, there was judgment recognizing: Annie Guitard Perez, Frank Guitard, and Octavie Guitard Haupt "as the only heirs of Sarah McGuigan, wife of John Guitard, and as such the owners in the proportion of one-third each" of the property, and decreeing the sale thereof for the purpose of effecting a partition.

In due course the property was advertised for sale and adjudicated. The adjudicatee refused to comply with his bid on the ground that the title of Mrs. Sarah McGuigan Guitard was **null**—because the dation *en paiement* to her was null inasmuch as it contained "an assumption by her of an indebtedness of her husband"; that the property was therefore community and that the minor children of John Guitard—issue of his second marriage had an interest in it, and had not been made parties to the suit and judgment of partition.

A rule which was taken against the adjudicatee was dismissed.

In November, 1912, Annie Guitard Perez and Octavie Guitard Haupt, ignoring the proceedings and judgment in the suit of *Annie Guitard v. Frank Guitard,* mentioned above, filed a suit for the sale and partition of the same property. They alleged that John Guitard had purchased

194

this property in August, 1876, during his marriage with Sarah McGuigan; that the dation *en paiement* made by John Guitard to his wife by the act of May 8, 1877, is null and void for the reason that his wife assumed therein the payment of a debt due by him and for other reasons.

That Sarah McGuigan died in the year 1877, leaving her said husband John Guitard and three children: Annie, Octavie and Frank, as her only heirs.

That their father, John Guitard, in September, 1878, contracted a second marriage with Mary McGuigan; that he died in 1888, leaving his widow, and the three children of his first marriage, Annie, Octavie and Frank, and four children of his second marriage, Isabella, Odelia, Katie and Jeannette Guitard, as his sole seven heirs.

That Isabella Guitard married Ferdinand Trepagnier; that she died on June, 1903, leaving as only heir, one minor child, Isabella Trepagnier.

That Odelia Guitard died in August, 1902.

That Katie Guitard died in March, 1903; and Jeannette Guitard died in May, 1906.

That Widow Mary McGuigan Guitard died July 4, 1903; and Bridget McGuigan died in January, 1912.

That each of the last three children left as only heirs their consanguine brother, Frank, their consanguine sisters, Annie and Octavie, their german sisters and niece above mentioned.

That Frank Guitard pretended to have purchased this property for taxes of 1899; but that said sale conferred no title upon him as he was a co-owner.

That Frank Guitard took possession of said property after the "tax sale" pretending to be owner by virtue thereof and owes the rents thereof.

That Frank Guitard died in August, 1911, and left sur-

195

viving him a widow, Alice Mandry, and four minor children, May, Edna, Frank and Alice.

They prayed for the nullity of the tax sale, for an accounting of the rents by the widow and heirs of Frank Guitard, and for the sale of the property to effect a partition.

The widow and heirs of Frank Guitard filed a first exception of improper cummulation of actions, no right of action as to the dation *en paiement*, and prescription of five and ten years against the demand of nullity of the tax sale. They subsequently pleaded estoppel, and *res judicata* as to the question of ownership of the property by virtue of the judgment rendered in November, 1896, in the suit of *Annie Guitard v. Frank Guitard.*

The exceptions first filed were maintained by the District Court and the suit dismissed by judgment rendered May 12, 1913.

From this judgment Annie Guitard Perez and Octavie Guitard Haupt appealed. The case on appeal is reported in 11 *Ct. Ap.*, 63. The judgment of the lower Court was reversed and the case remanded in December, 1913.

For answer, the widow and heirs of Frank Guitard pleaded the validity of the dation *en paiement* and the prescrip-of five, ten, and thirty years against the action attacking it, pleaded the validity of the tax sale to Frank Guitard. They admitted occupying the property with plaintiffs' consent and denied any liability for rents, and pleaded the prescription of one, three, five and ten years against the demand for the same; that they paid all the taxes and insurance upon the property and made improvements thereon, and they further pleaded the prescription of thirty years against all plaintiffs' claim; that Frank Guitard mortgaged said property for $300.00 which the defendant, his widow, has paid and which she is entitled to be reimbursed; they

claim in reconvention all their disbursements for taxes, insurance, improvements and $300.00.

Isabella Trepagnier pleaded the nullity of the dation *en paiement* and of the Tax Sale and alleged that the *Succession of Sarah McGuigan Guitard* should collate $250.00 to the *Succession of Bridget McGuigan.*

For supplemental answer the widow and heirs of Frank Guitard pray that the heirs of Sarah McGuigan be recognized as creditors of the *Succession of John Guitard,* for the reimbursement of $500 due by him to his wife in case the dation *en paiement* is annulled.

There was a judgment rendered June 26, 1916, by which the tax sale was annulled and set aside; recognizing the three children of John Guitard as the owners of the property, and the four children of Frank Guitard as owners of his one-third share in said property; decreeing a partition of the property by sale; recognizing Frank Guitard and his widow creditors to the extent of $690.31 less $320, for paving, taxes, insurance and improvements on said property, and that the plaintiffs in suit be allowed $10 a month for rent of the property.

From this judgment the plaintiff and Isabella Trepagnier have appealed.

In this Court the widow and heirs of Frank Guitard have renewed the plea of *res judicata.*

This Court has already decided that the plea of prescription could not be maintained as to the action to set aside the tax sale. 11 *Ct. App.,* 63 (66). Frank Guitard did not possess the property separately for thirty years. John Guitard died in 1888; Frank Guitard bought at tax sale in 1900; this suit was filed in 1912.

As to the prescription against the action to annul the dation *en paiement,* it has been held that the assumption by a wife of a debt of her husband as a consideration of a

197

dation *en paiement* renders the whole act null. 1*A.*, 302; 5 *A.*, 600; 23 *A.*, 439; 27 *A.*, 193; 28 *A.*, 759; 39 *A.*, 608; 40 *A.*, 692; 51 *A.*, 1665; 3 *Baudry Lac., p.* 299.

Prescription cannot cure this nullity. 1 *A.*, 306; 2 *A.*, 483; 4 *A.*, 71; 21 *A.*, 467. The case of *Munholland v. Fakes,* 111 *La.*, 931, has no application to this case.

Widow Frank Guitard is not entitled to recover $300.00 as there is no evidence that that sum was applied to the improvement of the property.

The pleas of estoppel and *res judicata* we hold to be good so far as plaintiffs, Annie Guitard Perez and Octavie Guitard Haupt are concerned. They were parties to the first suit No. 49,474 filed in 1896, and are bound by the judgment rendered therein which remains unassailed and binding as to them and in favor of the other defendant Frank Guitard. According to that judgment he is entitled to one-third of the property. The children and heirs of John Guitard by second marriage, who were not parties to that suit, are not, of course, bound by the judgment rendered therein.

Whether Frank Guitard acquired title or not by the tax sale to him is immaterial. The fact remains that he was part owner of the property and as such had a right to occupy the property.

For such occupancy he owes no rent. 23 *A.*, 150; 33 *A.*, 297; 34 *A.*, 997; 17 *Am. & Eng. Enc. Law, p.* 690, *No.* 2.

Neither can the co-proprietor in such a case make improvements or repairs necessary for his enjoyment upon the common property and compel his co-proprietor to reimburse any part of the cost. 10 *A.*, 255; 23 *A.*, 150, 502; 26 *A.*, 255; 43 *A.*, 867; 41 *A.*, 6.

The same rule applies to paving: The person having the use of the property "is liable to the ordinary repairs, to the payment of taxes and to the other annual charges in the same manner as the usufructuary is." C. C. 645 (641).

The usufructuary is bound to pay for the paving of streets. C. C. 578 (572) ; 17 A., 325; 20 A., 500.

The co-proprietor occupying the property owned in common who is not charged with rents, has no claim against the other for taxes paid by him. The amount of taxes paid is compensated by the value of the occupancy. 44 A., 74; 106 La., 235; 43 A., 867.

Nor for the insurance which was for the benefit of the insured and not of the property or of the co-proprietors.

The children and heirs are bound by the admission of their father that he owed $500.00 to his wife. On the annullment of the act of dation *en paiement*, her claim revived and her heirs are entitled to be paid this sum of $500.00. 2 L., 547 (551) ; 14 A., 587 (592) ; 39 A., 366; 43 A., 867.

The claim for collation can only be asserted in the *Succession of Mrs. Bridget McGuigan*. C. C. 1242 (1320), 1252 (1330).

The only question that remains to be decided is the share of each heir.

When John Guitard died in 1888 he was the owner of one-half of the property. He left seven children, three of the first marriage and four of the second, who inherited from him each one-fourteenth of the property, or four-fourteenths for the children of the second marriage.

We have seen that as far as Annie Guitard Perez and Octavie Guitard Haupt are concerned Frank Guitard was the owner of one-third or 14-42 of the property in 1896 by virtue of the judgment.

There remained therefore for Annie and Octavie each 8-42ds or together 16-42ds.

1. Odelia died in 1902; her 1-4 or 4-56 was inherited as follows:

1-4 or 1-56 went to her mother, Mary McGuigan Guitard; the other 3-56 or 6-112 went one-half or 6-224 to her three german sisters or 2-224 to each and one-half or 6-224 to her three german sisters and 3 consanguine sisters and brother or each 1-224th; so that each had:

| | | |
|---|---|---|
| 1. | Frank Guitard 1-3 or | 224-672 |
| | plus 1-224 or | 3-672 |
| | | |
| | equal to | 227-672 |
| 2. | Annie Guitard Perez 8-42 or | |
| | 128-672 plus 3-672 | 131-672 |
| 3. | Octavie Guitard, same | 131-672 |
| 4. | Mary McGuigan Guitard, 2-112 | |
| | or | 12-672 |
| 5. | Isabella Guitard Trepagnier | |
| | 4-14 or 48-672 plus 6-672 | |
| | plus 3-672 | 57-672 |
| | | |
| | | 558-672 |
| 6. | Katie Guitard, same | 57-672 |
| 7. | Jeannette Guitard, same | 57-672 |
| | | |
| | | 672-672 |

## II.

Katie Guitard died March, 1903; her 57-672 or 4560—53-760 was inherited as follows:

1-4 or 1140-53760 by her mother, Mary McGuigan Guitard; the other 3-4 or 3,420-53760 went one-half or 1710-53760 to her two german sisters, Isabella and Jeannette, or 855-53760 to each; and the other half 1710-53760 went to her two german sisters and 2 consanguine sisters and one brother or each 342-53760.

200

So that each had:

1. Frank Guitard 227-672 or 18160-53760 plus
    342-53760                                              18,502
2. Annie Guitard Perez 131-672 or 10480-53760
    plus 342-53760                                         10,822
3. Octavie Guitard Haupt, same                            10,822
4. Mary McGuigan Guitard 12-672 or 960-53760
    plus 1140-53760                                         2,100
5. Isabella Guitard Trepagnier 57-672 or 4560-
    53760 plus 855 plus 342-53760                           5,757
6. Jeannette Guitard, same                                 5,757

                                                           _____
                                                           53,760

                                                           _____
                                                           53,760

### III.

Isabella Guitard Trepagnier died June, 1903; her 5757-53760 was inherited by her daughter, Isabella Trepagnier.

### IV.

Mary McGuigan Guitard died July 4, 1903; her 2100-53760 was inherited by her daughter, Jeannette Guitard, and her grand-daughter, Isabella Trepagnier in the proportion of 1-2 each or 1050-53760 to each.

So that each had:

1. Jeannette Guitard 5757 plus 1050-53760    6807-53760
2. Isabella Trepagnier, same                 6807-53760

                                            _____
                                            13614-53760

### V.

Jeanette Guitard died in 1906; her 6807-53760 or 54450-430080 was inherited as follows:

201

One-half by her german niece, Isabella Trepagnier, or 27228 and the other half by her said niece and her three consanguine sisters and brother for 1-4 each or 6807-430,-080;

So that each had:

1. Frank Guitard 18502-53760 or 148,
   016-430080 plus 6807-430080     154,823

2. Annie Guitard Perez   10822-53760
   or 86576-430080 plus 6807-430080   93,383

                                                248,206

3. Octavie Guitard Haupt, same     93,383

4. Isabella Trepagnier 6807-53670 or
   54456-430080 plus 27228 plus
   6807-430080                       88,491

                                                430,080

It is therefore ordered, adjudged and decreed that that portion of the judgment which annuls the tax sale to Frank Guitard and which orders a partition of the property by sale at auction and appoints the auctioneer and notary and leaves the terms of sale to be fixd by a family meeting, and fixes the fee of the special tutor be affirmed; that in all other respects said judgment be reversed.

It is further ordered that the following named persons be recognized as the owners of the property described in the petition in the following proportions:

1. Heirs of Frank Guitard, 154823-430080.

2. Annie Guitard Perez, 93383-430080.

3. Octavie Guitard Haupt, 93383-430080, and

4. Isabella Trepagnier, 88491-430080.

202

It is further ordered that out of the proceeds of sale there shall first be paid all the costs of this suit and the costs of sale up to and including the passing of the act of sale; that there shall also be paid the sum of Five Hundred Dollars to the heirs of Sarah McGuigan deceased wife of John Guitard to be divided among them in the proportion of one-third to the four minor children of Frank Guitard above mentioned, one-third to Annie Guitard Perez and one-third to Octavie Guitard Haupt.

It is further ordered that the balance of the proceeds of sale be divided among the heirs of Frank Guitard, Annie Guitard Perez, Octavie Guitard Haupt and Isabella Trepagnier in the proportion above mentioned.

Opinion and decree, November 20th, 1916.

Rehearing refused, December 18th, 1916.