BURLINGTON COUNTY CIRCUIT COURT.

THE PEOPLE OF THE STATE OF NEW YORK v. ELLIS PARKER, JR., ET AL., DEFENDANTS.

Decided May 25, 1936.

For the state, *Joseph Lanigan,* assistant attorney-general of New Jersey (*Francis A. Madden,* assistant district attorney).

For the witness, *James Mercer Davis* and *James Mercer Davis, Jr.*

JAYNE, C. C. J.   Application is made to me as a judge of a court of record of the county of Burlington by the district attorney of the county of Kings in the State of New York for the issuance of a "summons" commanding one Anna Bading, a citizen of this state and a resident of the county of Burlington, to personally appear and to testify in a certain criminal proceeding now in progress before the grand jury of the county of Kings.   The sessions of the grand jury are being held at the Central Courts Building in the borough of Brooklyn.   This is apparently the initial application made to any judge of this state pursuant to the provisions of the recently enacted statute, *Pamph. L.* 1936, *ch.* 40.   The witness has been afforded a hearing at which the present application was resisted upon several grounds.

Obviously the object of this statute is to promote the enforcement of the criminal laws and the administration of justice in criminal proceedings in the several states. The presumed validity of a duly enacted statute is not destroyed merely because the power sought to be exercised under the statute is novel. It ought, however, to be commonly understood that notwithstanding the recognized object and purpose of a statute, a judge is never at liberty in the enforcement of such statute to disregard any mandate or requirement of the organic law of the state or nation.

In resisting the present application counsel for the witness has projected for consideration several interesting questions relating to the constitutionality of this statute. To dispose of the present application only one of the contentions need be determined.

Article IV, section VII, paragraph 4 of the constitution of this state requires, *inter alia,* that every law shall embrace but one object and that object shall be expressed in the title. The title of our statute is as follows: "Uniform act to secure the attendance of witnesses from without the state in criminal proceedings." It will be at once perceived that section 3 of the statute contains complete and adequate provisions for the accomplishment of the precise object stated in the title. Section 2 of the statute relates to witnesses who are present in this state and to the compulsory attendance of such witnesses in another state. The present application is founded upon section 2 of our statute. Our reported cases uniformly hold that by reason of our constitutional provision the title of a statute is a limitation upon the enacting part of the law and that the statute can have no effect with respect to any object that is not expressed in the title. The authorities concerning this subject are too familiar and numerous to require citation here. It remains to consider whether the object of section 2 requiring witnesses in this state to appear and testify in another state is expressed in the title of our statute. It has been said that "the criterion in these cases is to ascertain as nearly as practicable what impression as to the object of a statute its titular expression is calculated to disseminate."

*Falkner* v. *Dorland,* 54 *N. J. L.* 409; 24 *Atl. Rep.* 403. Assuredly a title which is misleading, by reason of its specific and limited reference to one definite object where another is embraced in the act, is faulty. True, the title of a statute meets the constitutional requirement when it mentions the subject-matter generally and is accompanied with a succinct indication of the legislation concerning it. The title of this statute is not expressive of such a general subject as to create the inference that the statute, under such title, contains provisions requiring witnesses from within this state to appear and testify in some other state. The conclusion seems irresistible that the summoning of witnesses in this state to testify in another and the summoning of witnesses from another state to testify in this state are two essentially different matters in that the distinct and specific mention of only one of such matters is not reasonably indicative of the other. The following reported cases are illustrative: *Hendrickson* v. *Fries,* 45 *N. J. L.* 555; *Dobbins* v. *Northampton,* 50 *Id.* 496; 14 *Atl. Rep.* 587; *Falkner* v. *Dorland,* 54 *N. J. L.* 409; 24 *Atl. Rep.* 403; *Polhemus* v. *State,* 57 *N. J. L.* 348; 30 *Atl. Rep.* 480; *Schenck* v. *State,* 60 *N. J. L.* 381; 37 *Atl. Rep.* 724; *Griffith* v. *City of Trenton,* 76 *N. J. L.* 23; 69 *Atl. Rep.* 29; *Wilson* v. *Smith,* 81 *N. J. L.* 132; 79 *Atl. Rep.* 272. Sections 2 and 3 of the statute are only related in the sense that the provisions of section 2 of our statute may be said to constitute the consideration motivating the enactment of reciprocal legislation in other states. The statute enacted by the legislature of the State of New York was offered in evidence and I observe with interest that the title of the statute there enacted employs the words "a uniform law to secure the attendance of witnesses from *within and without the state* in criminal proceedings." (Italics mine.)

It is likewise significant to note that our earlier statute of 1934 (*Pamph. L.* 1934, *p.* 737) was given the title "An act relating to courts having criminal jurisdiction and regulating proceedings for the attendance of witnesses in criminal cases."

It is argued that the title of our present statute is expres-

sive of the broad subject-matter of securing the compulsory exchange of material witnesses by the several states. It is said that the language "from without the state" has the import and meaning of the words "from without a state" or "from without any state." Not so. The word "the" as employed in this title will be commonly understood to be definite and explicit. In common understanding the words "the state" will be taken to mean the State of New Jersey. Therefore with respect to the provisions of section 2, the title is not only silent but misleading. The provisions of section 2 are not within the purview of the present title. For this reason, that portion of the statute (section 2) becomes inoperative and in consequence the present application is without legal basis.

The application is denied.