UNION COUNTY COURT OF QUARTER SESSIONS.

THE STATE OF NEW JERSEY v. TILGHMAN H. KEIPER.

Decided May 11, 1939.

For the state, *Abe J. David,* prosecutor of the pleas.

For the defendant, *Joseph S. Lindabury.*

McGRATH, C. P. J.  The pertinent parts of the indictment charge Keiper with having unlawfully as an agent, solicitor, surveyor and representative of Warner Reciprocal Insurers, solicited a contract of fire insurance in Union county and with having directly and indirectly transacted the business of fire insurance, the said Warner Reciprocal Insurers and the said Tilghman H. Keiper not being specifically authorized to solicit and negotiate and effect, in any manner directly or indirectly, the business of insurance of any kind whatsoever within this state.

It is admitted that "Warner Reciprocal Insurers," mentioned in the indictment, are not incorporated but are a group of individuals, partnerships and corporations which, under the name of "Warner Reciprocal Insurers," exchange reciprocal indemnity contracts among themselves.

The defendant is a resident of New Jersey and is employed by Lansing B. Warner, Inc., of Chicago, Illinois. Lansing B. Warner, Inc., is not an insurance company but it acts as agent for Warner Reciprocal Insurers in negotiating the exchange of these reciprocal contracts of indemnity and other

matters incidental to such contracts. The policy is issued for Warner Reciprocal Insurers by Lansing B. Warner, Inc., acting as their agent.

The situation is somewhat similar to. that disclosed in *Schenck* v. *State,* 60 *N. J. L.* 381; 37 *Atl. Rep.* 724, the decision in which was recently approved by the Court of Errors and Appeals in *State* v. *Moresh,* 122 *N. J. L.* 77; 3 *Atl. Rep.* (2*d*) 638. An examination of the insurance laws as interpreted in these cases discloses no ground on which the defendant could be held to have committed an offense under this indictment, and the indictment will, therefore, be quashed.