SITLEY & SON, incorporated,

*v.*

JAMES A. MORRIS et al.

[Submitted June 18th, 1907. Decided June 18th, 1907.]

1. A junior judgment creditor, who by superior diligence procures an execution and places it in the hands of the sheriff prior to such a proceeding by a senior judgment creditor, acquires a lien superior to the lien of the senior creditor.

2. A junior judgment creditor, who files a bill to set aside a conveyance made by the debtor as fraudulent and to subject the land to his judgment, and who obtains a decree in his favor, acquires a lien superior to the lien of a senior judgment creditor, who by virtue of an execution under his judgment previously sold the land, though the legal title thereto was not in the debtor.

3. Where the proceeds of a sale of the land of a debtor under an order directing that the proceeds shall be paid into court for distribution between judgment creditors are in court, and the parties in interest are before it, an order for distribution will be made without the giving of notice of a hearing thereon.

On creditor's bill, &c.

*Messrs. Berry & Riggins,* for the complainant.

*Mr. Wilfred B. Wolcott,* for the defendant, the Mutual Benefit Building and Loan Association.

*Messrs. Bird & Blackman,* for the defendants, James A. Morris et al.

BERGEN, V. C.

The present application concerns the distribution of the proceeds of the sale of the real estate of the defendants. The property was sold by virtue of two executions issued out of this court, one at the instance of the complainant and the other at the suit of S. Walter Morris. The sale was permitted under an order directing that the proceeds of the sale should be paid into

court for the purpose of its proper distribution, after the claimants thereto should be heard. The sale has been made, the money is now in the hands of the court subject to distribution. There are two claimants to the fund, first S. Walter Morris, who recovered a judgment at law, and by virtue of an execution issued thereon sold the real estate in question as the property of the defendant, although the title to it had then been transferred to another, leaving no legal title in the defendants to be levied upon or sold. That sale this court held, under proceedings instituted for that purpose, was not effective, for the reason that at the time the judgment was recovered the defendants had no legal title to the property sold. Whereupon the complainant, having subsequently recovered a judgment at law, filed its bill in this court, praying that the transfer made by the defendants should be set aside as one made in fraud of creditors, and that the lands should be subjected to the payment of its judgment. That cause was contested and resulted in a decree in favor of the complainant, making its debt a lien upon the land, in satisfaction of which it was entitled to have the property sold. From this decree an appeal was taken, which was subsequently dismissed by consent of counsel, but not until S. Walter Morris had filed, in this court, his bill of complaint for the purpose of subjecting the same property embraced in complainant's decree to the payment of his judgment; and during the time the complainant was, by the appeal, prevented from proceeding to execution and levy, Morris procured the issuing of an execution upon his decree, thereby securing a prior levy upon the land, by virtue of which he now claims he is entitled to priority in payment out of the fund in court. Whether the filing of a bill of complaint for the purpose of subjecting an equitable estate to the payment of a debt, or an actual levy upon the land, gives the party priority is the single question here presented.

I have no doubt that as between the parties to this controversy the filing of the bill establishes the lien. The bill which the complainant filed rested upon our statute, and the suit was instituted by a creditor in his own behalf, and not in behalf of any other creditor, which resulted in a self-serving de-

cree, and entitles the complainant, as was said by Chief-Justice Beasley in the *Fayerweather Case,* to the benefit of the well-known rule that an advantage obtained by the prior exhibition of his bill of complaint will not be disturbed to aid creditors less diligent.

The case cited by counsel for S. Walter Morris, and upon which they relied, relates entirely to judgments at law. The principle is well settled in this state that if a junior judgment creditor, by superior diligence, has an execution issued in proper form and placed in the hands of the sheriff prior to such a proceeding on behalf of another judgment creditor, his lien on the real estate of the debtor antedates that of an execution upon an earlier judgment, but that rule does not apply in a case of this character, where the complainant obtained a judgment and diligently pursued its remedy by filing a bill of complaint in this court, having for its object the attaching of the lien of its judgment upon the equitable interest of the defendants in lands as to which, it was alleged, and afterwards determined to be, that the legal title to the land was held by another as trustee of the defendants for the purpose of hindering and delaying creditors in the collection of their debts. The complainant, having filed its bill, its lien attached from that time, and the priority thus obtained is not disturbed by any subsequent proceeding of like character, and therefore the complainant is entitled to be first paid out of the money realized from the sale of defendants' lands.

This application was made by counsel for S. Walter Morris upon notice to complainant. That application I refuse, but as the parties are all here it would seem to me to be unnecessary to put the complainant to a similar notice of hearing for the purpose of determining the proper distribution of this money. The money is in the hands of the court, all the parties interested are present, and I will make an order that the clerk pay to the complainant, out of the fund in hand, the amount due upon its judgment and decree, and if the amount be not sufficient to satisfy such claim in full, that the clerk pay to complainant whatever may have been deposited to be applied to the satisfaction of complainant's debt so far as it will extend.