This is a foreclosure proceeding based, not upon a bond and mortgage, but upon notes for which deeds were executed as security.
The defendant George C. Dietrich became indebted to complainant on a note dated April 20th, 1922, for $10,000 and on another note dated May 3d 1926, for $1,000. The sum of $2,239.61 was paid on account of the principal of the first note and nothing upon the other. *Page 44 
A judgment was entered in the Burlington county circuit court on October 4th, 1932, in favor of complainant against defendant George C. Dietrich for $9,642.97 debt, $55.50 costs, to establish the amount due the complainant in this foreclosure proceeding.
The first tract of land described in the bill of complaint, the residence property, was acquired by the defendant George C. Dietrich November 25th, 1919. The premises described second in the bill of complaint were acquired by defendants George C. Dietrich and Emma M. Dietrich, his wife, by deed dated April 10th, 1926, and recorded May 26th, 1926. These two defendants conveyed these same premises to Charles Gorenflo, a brother-in-law of the defendant George C. Dietrich, in consideration of one dollar, by deed dated May 2d 1929, acknowledged the same day, and recorded December 26th, 1929.
The defendants George C. Dietrich and Emma M. Dietrich conveyed the premises first described in the bill of complaint to the complainant by deed dated April 20th, 1922, recorded April 21st, 1922, as collateral security for the loan of $10,000 made by the complainant bank to defendant George C. Dietrich.
There is no dispute as to the complainant's right to foreclose its debt against this property.
The defendants Charles Gorenflo and Rose Gorenflo, his wife, by deed dated January 6th, 1930, acknowledged the same day, and recorded January 14th, 1931, conveyed to complainant the piece of land described second in the bill of complaint, which piece of land is known as the garage lot and adjoins the residence property of George C. Dietrich. This latter conveyance was made as collateral security for the two notes held by complainant and made by the defendant George C. Dietrich.
The defendant Updike-Kennedy Company, Incorporated, recovered a judgment against the defendant George C. Dietrich, in the New Jersey supreme court on January 28th, 1930, for $3,882.19, upon which execution was issued and returned by the sheriff wholly unsatisfied. *Page 45 
The summons and complaint was served on George C. Dietrich December 17th, 1929; and the suit was for materials sold to defendant George C. Dietrich from September 8th, 1927, to October 4th, 1928.
Defendants George C. Dietrich and his wife retained possession of both the residence property and the garage lot after the conveyances to Charles Gorenflo and to complainant.
The defendant Updike-Kennedy Company, Incorporated, by its counter-claim herein, seeks to set aside as fraudulent conveyances the deeds from the defendants George C. Dietrich and Emma M. Dietrich, his wife, to Charles Gorenflo and from Charles Gorenflo to complainant, of the garage lot, and to have them declared null and void as against said defendant's judgment.
The antecedent debt owing by the defendant George C. Dietrich to the complainant was a valid consideration for this second deed to the complainant by way of a mortgage under the provision of section 3, paragraph (b) of the Uniform Fraudulent Conveyance act:
"3. That a fair consideration is given for property.
(b) When such property or obligation is received in good faith to secure a present advance or antecedent debt in amount not disproportionately small as compared with the value of the property, or obligation obtained." 1 Cum. Supp. Comp. Stat. p.647.
The fact that the title to the premises was vested in Charles Gorenflo, the brother-in-law of George C. Dietrich, does not affect the validity of the consideration for which he made the conveyance to complainant which was as collateral security for the antecedent debts mentioned.
The defendant Updike-Kennedy Company, Incorporated, filed no bill to establish the lien of its judgment on these premises and is dependent upon its counter-claim in this cause to establish its lien. The complainant's deed from Charles Gorenflo and Rose Gorenflo was executed and recorded, and its suit instituted before the defendant Updike-Kennedy Company, Incorporated, commenced its suit by way of counter-claim in these proceedings, and is entitled to precedence. Sitley Son v. Morris,73 N.J. Eq. 197. *Page 46 
The conveyance from Charles Gorenflo and wife to complainant cannot be held to be fraudulent as to the complainant.
The complainant is entitled to a decree for $9,803.39 with lawful interest from September 30th, 1930, and the sums of $213.41 with interest from November 24th, 1931, and $208.34 with interest from May 31st, 1932, for taxes paid on the premises.
The deeds held by the complainant upon which these foreclosure proceedings are based, are in effect mortgages, and upon a sale of the premises, the defendant Updike-Kennedy Company, Incorporated, is entitled to have its judgment amounting to $3,882.99 with interest from January 28th, 1930, paid secondly from the proceeds of the sale, after payment to the complainant of the amount due to it.
The counter-claim of the defendant Updike-Kennedy Company, Incorporated, as against the complainant, will be dismissed.
I will advise a decree in accordance with these conclusions.