ROBERT R. FREEMAN *et al.*, appellants, and PETER Z. EL-
MENDORF, respondent.

This case is reported *ante*, page 475.

*F. B. Chetwood* for the appellants.

*Blauvelt* for the respondent.

The opinion of the court was delivered by the Chief Justice.

GREEN, C. J.   1. The appeal is from an order of the Chancel-
lor dissolving an injunction.   The object of the injunction was
to restrain the defendant from selling the real estate of the com-
plainants, by virtue of an execution upon a judgment at law
against Matthew F. Freeman, the father of one of the complain-
ants, and the grandfather of the others.   The case made by the
bill is, that the land in question was conveyed by Freeman, the
defendant in execution, to the complainants before the recovery of
the judgment; that through the ignorance of the grantees the
deeds were not recorded till after the recovery of the judgment,
but that the plaintiff in execution is charged with constructive
notice of the conveyance.

2. That the judgment was originally a lien upon other real
estate of Matthew F. Freeman, owned by him after the sale and
conveyance to the complainants, and that upon principles of
equity a party having a lien on two parcels of real estate is
bound to resort for satisfaction, first to that parcel the title to
which remains in the debtor.

3. That the debt for which the judgment was recovered was
secured by a mortgage given by John I. Gaston, as a collateral
security for the payment of the debt.   That the security of the
mortgage was lost by the laches of the creditors, and that there-
fore he is not entitled in equity to enforce the payment, either

against the original debtor, or to hold it as a lien upon property in the hands of his grantees.

The decisive answer to the last ground of relief is, that Freeman, the defendant in execution, does not occupy the position of a surety. The debt was his own. The mortgage, though given by Gaston, was upon property held by him in trust for Freeman and his co-debtors. It was, in fact, a mortgage given by Freeman, through his trustee, upon his own land, to secure his own debt. The answer moreover is express and direct, that the mortgage security was not lost by the laches of the creditors, but that it was not recorded at the instance and by the request of the mortgagor, the trustee and agent of the debtor.

In regard to the second ground of relief, to wit. : that the purchaser is entitled to have the other real estate levied on sold first, or to contribution from the owners of that land. It is a matter of serious doubt whether the principle affects the right of a judgment creditor. No such case was cited upon the argument, and in the short space allowed for examination I have found none. The bill is not framed at all with a view to that species of relief.

These two grounds of equitable relief being disposed of, the case made by the bill, and the case mainly relied upon in argument is, that the sheriff, upon an execution against Freeman, is about to sell the lands of the complainants, and a perpetual injunction is asked to restrain such sale. The questions involved in the controversy are, whether the deed from the defendant, or even to the complainant, was or was not fraudulent, and if it was not, then whether the defendant is chargeable with constructive notice of the deed. Both these are purely legal questions, and properly triable in a court of law. If the legal title is in the complainants, the sale by the sheriff will not prejudice their rights. The purchaser must resort to an action at law to recover possession, when the legal questions can be tried and decided. It was suggested with truth upon the argument, that permitting the sale to be made under the execution will subject the complainants to the necessity of paying the execution, or subject them to the hazard of having the land sacrificed to a purchaser willing to speculate upon the hazard of a lawsuit. It may be

further suggested that if the purchaser should be unwilling to bring an ejectment, the effect of a sale would be to cast a cloud upon the title of the complainants.

But it is obvious that the same objections exist in every case where the sheriff, upon an execution against one, should attempt to sell land the title to which is claimed by another. And yet in such case equity ordinarily will not interfere, and for manifest reasons. In truth, a Court of Equity has no jurisdiction where the whole question involved is a question of legal title. If the sheriff is enjoined from selling under the execution, there is no mode in which the question of title could be tried at law. A Court of Equity must make the injunction perpetual and to that end must necessarily try and decide the legal title.

The order of the Chancellor must be affirmed.

*Per tot cur.* The order of the Chancellor was affirmed.