# CASES

ADJUDGED IN

# THE COURT OF CHANCERY

## OF THE STATE OF NEW JERSEY,

### OCTOBER TERM, 1862.

JOHN L. SMALLWOOD and others *vs.* ROBERT LEWIN and others.

A married woman purchased a farm, which was encumbered by a mortgage, which, although registered, contained an important proviso designed to secure prompt payment of the interest, which proviso was not disclosed by the registry of the mortgage. The purchaser took the premises subject to the mortgage, and assumed the payment of it as a part of the consideration of her purchase. On a bill filed to foreclose the mortgage, in which the purchaser set up that she was a *bona fide* purchaser without notice of the proviso, because it was not disclosed by the registry, it was *held*—

That it was totally immaterial whether the mortgage was registered or not, the purchaser had *actual notice* of the existence of the mortgage.

That the covenant by a married woman does not impose any obligation upon her personally is immaterial; the complainant is not seeking to enforce the obligation as against her personally, but to have the land applied to the satisfaction of the debt for which it was given.

The general doctrine is, that whatever puts a party upon an inquiry amoun's in judgment of law to notice, provided the inquiry becomes a duty, as in the case of purchasers and creditors, and would lead to the knowledge of the requisite fact by the exercise of ordinary diligence and understanding. So notice of a deed is notice of its contents, and notice to an agent is notice to his principal.

The answer of defendants denying notice will avail nothing against this

clear and well settled principle, charging them with notice of the contents of of the mortgage.

The object of the laws requiring conveyances to be recorded, is to prevent imposition on subsequent purchasers and mortgagees in good faith *without notice* of the prior conveyance, but not to protect them when they have such notice. It is no part of their office to furnish information of the contents of deeds and mortgages of which the subsequent purchaser has actual notice. A defective registry cannot qualify the effect of actual notice.

*Blake* and *Williamson*, for complainants.

*Keasbey*, for defendants.

The Chancellor. The bill is filed to foreclose a mortgage, given by Robert Lewin to Silas B. Condict, bearing date on the first day of May, 1857, to secure the payment of a bond, of even date, conditioned for the payment of $15,000, on the first of May, 1864, with interest at seven per cent. per annum, payable semi-annually on the first days of June and December, until the payment of the principal. The bond also contains an agreement, that should any default be made in the payment of the interest, or of any part thereof, on any day whereon the same is made payable, and should the same remain unpaid and in arrear for the space of thirty days, then the principal, with all arrears of interest thereon, shall, at the option of the obligee or his representatives, become due and payable immediately thereafter. An abstract of the mortgage was recorded on the twentieth of May, 1857, stating truly the amount of the mortgage and the time of payment of principal and interest, but omitting the special agreement by which it was stipulated, that upon failure to pay any instalment of interest for thirty days the principal should become due and payable. Subsequent to this registry, on the first of August, 1857, the premises were conveyed by the mortgagor to Sarah F. Johnson, subject to the complainant's mortgage, which mortgage, with interest, the grantee assumed to pay and discharge as a part of the consideration of the conveyance. Johnson and his wife,

the grantees in the deed, by their answer, deny, that they, or either of them, had any notice whatever, actual or constructive, of the special agreement contained in said mortgage; and they insist that, as the statute requires that the abstract recorded shall contain the time when the mortgage is payable, the defendants were entitled to rely upon the abstract for full information as to the time of payment and all conditions annexed thereto; and that, as to the special agreement, Sarah F. Johnson is a *bona fide* purchaser without notice, and cannot be affected thereby. They admit the covenant by the grantee to pay the mortgage debt with interest, but deny that the covenant imposed any obligation upon the grantee, she being a *feme covert.*

The defence is not that the registry is unauthorized or illegal, but that it is defective in not stating fully the condition of the mortgage. It is not claimed that the mortgage has lost its priority by virtue of the defect in the registry, but that it can operate only as constructive notice of what is contained in it; that it stands upon the same footing with a defective statement by the registry of the amount of the *debt* or of the *premises* mortgaged, which will defeat *pro tanto* the claim of the mortgagee to priority.

It is unnecessary, for the purposes of this cause, to decide whether this registry is or is not defective, and whether the defendant is, by virtue of the registry act, charged with constructive notice of the terms of the mortgage. It is totally immaterial whether the mortgage was registered or not. The grantee, at the time of the conveyance, had actual notice of its existence. The mortgage debt constitutes part of the consideration of the conveyance, and by the express terms of the deed, the grantee engages to pay it. That her covenant to pay the debt imposes no obligation upon her *personally* is immaterial. The complainants are not seeking to enforce the obligation as against her personally, but to have the land applied to the satisfaction of the debt for which it was mortgaged. The only question is, had the grantee actual notice of the mortgage?

The general doctrine is, that whatever puts a party upon an inquiry amounts in judgment of law to notice, provided the inquiry becomes a duty, as in the case of purchasers and creditors, and would lead to the knowledge of the requisite fact by the exercise of ordinary diligence and understanding. So notice of a deed is notice of its contents, and notice to an agent is notice to his principal. 4 *Kent's Com.* 179.

The answer of the defendants denying notice will avail nothing against this clear and well settled principle, charging them with notice of the contents of the mortgage.

But it is urged, that although the defendants had actual notice of the existence of the complainant's mortgage, yet that they were misled by the contents of the registry, upon which they had a right to rely.

The evidence of Johnson shows clearly that neither he nor his wife was in point of fact misled by the registry. It is not pretended that the registry was consulted before the purchase was made. He says that the first time he saw the registry was when he took the deed to his wife to the office to be recorded. In making the purchase, she must have relied upon information derived from the vendor. If the purchaser took title relying upon erroneous information derived from the vendor, or without inquiry as to the terms of the mortgage, she must bear the consequences of her own indiscretion. The registry, it is clear, did not contribute in any wise to mislead her.

Nor do I think the case would have been at all altered, if in point of fact the registry had been consulted by the purchaser before the deed was delivered. The object of the laws requiring conveyances to be recorded is to prevent imposition on subsequent purchasers and mortgagees in good faith *without* notice of the prior conveyance, but not to protect them when they have such *notice.* It is no part of their office to furnish information of the contents of deeds and mortgages of which the subsequent purchaser has actual notice. The complainants rely in support of their claim to priority, not upon the constructive notice furnished by the

Newark Lime and Cement Co. *v.* Mayor and Council of Newark.

registry, but upon actual notice to the purchaser of the existence of their mortgage. If there was no registry, the complainants' title to priority, and right to enforce their encumbrance against the property of the defendants would be clear. A defective registry cannot qualify the effect of actual notice.

There is nothing in the case made by the defendants that can affect the complainants' priority, or in anywise impair their legal rights.

The want of actual knowledge, on the part of the defendants, of the terms of the special agreement, had it existed when the forfeiture was incurred by a failure to pay the instalment of interest, might have afforded sufficient grounds in equity for relieving the defendants from the penalty thereby incurred. But it is shown that several instalments of interest have fallen due since Mrs. Johnson acquired title, and that the defendants, with full knowledge of the special agreement in the complainants' mortgage, have neglected and refused for more than thirty days to make payment of the interest so due. They have no claim to equitable relief.

The complainants are entitled to a decree.