Holmes v. Chester.

HOLMES and others vs. CHESTER.

1. To a suit, the object of which is to put at rest a claim which the defendant makes to a lien upon lands under an execution, the sheriff restrained by injunction issued on filing the bill from proceeding against the land under the execution, is not a necessary party.

2. A party seeking to quiet title in such a case need not wait until after the land is sold and the deed delivered to the purchaser, before coming into this court for relief, under the act " to compel the determination of claims to real estate, and to quiet the title to the same."

3. That act is remedial, and should be construed liberally.

4. The fact that the execution, under which claim is made to a lien upon lands, which claim is sought to be set at rest by a suit to quiet title, issued out of this court, does not oust the court of its jurisdiction, under the provision of the act to quiet title, which excludes jurisdiction where a suit is pending to enforce or test the validity of the title which is denied or disputed.

5. A suit pending to enforce or test the validity of the lien within the meaning of the clause of the act excluding jurisdiction, is one where the validity of the lien is liable to question in the proceedings to enforce it.

On bill and demurrer.

*Mr. F. F. Westcott,* for the demurrant.

*Mr. Huffman* and *Mr. J. Wilson,* contra.

THE CHANCELLOR.

The bill is filed under the act "to compel the determination of claims to real estate in certain cases, and to quiet the title to the same." (*Pamph. L.*, 1870, *p.* 20.) The object is to put at rest a claim which the defendant makes to a lien upon certain land in the county of Cape May, under a writ of *fieri facias de bonis et terris*, (and a levy thereunder,) issued out of this court on a decree in favor of the defendant in this cause, against Judith Holmes, the mother of the complainants, Abigail H. Holmes and Sarah T. Todd. On the filing of the bill an injunction was issued restraining the sheriff from proceeding against the land in question under the execution. The sheriff is not a party to the bill. Two questions are raised under the demurrer: *First,* whether the sheriff should not have been made a party, and *second,* whether the fact that the execution issued out of this court, as appears by the bill, does not of itself defeat the action, seeing that the act above referred to gives to this court jurisdiction under it, only in cases where no suit shall be pending to enforce or test the validity of the title which is denied or disputed.

The sheriff has no interest in this suit. He is not a necessary party. *Vernon* v. *Blackerly*, 2 *Atk.* 147 ; *Farquharson* v. *Pitcher*, 2 *Russ.* 87 ; *Joy* v. *Wirtz*, 1 *Wash. C. C. R.* 517.

The act extends to encumbrances. It provides that when any person is in peaceable possession of lands in this state, claiming to own the same, and his title thereto or to any part thereof is denied or disputed, or any other person claims or is claimed to own the same or any part thereof, or any interest therein, or to hold any lien or encumbrance thereon, it shall be lawful for such person to bring and maintain a suit in Chancery to settle the title of said lands, and to clear up all doubts and disputes concerning the same.

The bill alleges that the complainants are in peaceable possession of the land in question ; that they are the true and lawful owners of it, by title anterior in date to the decree of this court on which the defendants' execution was issued, and

Holmes v. Chester.

that the complainant, Abigail H. Holmes, has put permanent improvements on her part of the property, of the value of $4000; that Judith Holmes has, as they verily believe, no title or interest in the land; that the defendant claims that she is still the owner of the property, and that he threatens to sell the land, accordingly, under the execution. The complainants are not bound to wait until after the sheriff shall have sold their land under the execution, and delivered his deed therefor to the purchaser, before coming into this court for relief, under the act. The statute is remedial and highly beneficial. It should therefore be construed liberally. It is a statute of repose. It deprives the defendant of no right. His claim may be tried at law, if he desires it. If it shall be found that his assertion as to Judith Holmes' ownership of or interest in the land in question is well founded, his lien and encumbrance may be enforced. It compels him to a speedy trial of the question, and, in the meantime, and until the result be reached, this court prevents him from casting a cloud upon the complainant's title. The position that, because the execution issued out of this court, it can be said that there is a suit pending to enforce or test the validity of the lien or encumbrance, cannot be maintained. There is no suit pending to enforce or test the validity of the lien which the defendant asserts.

The question of the validity of the lien could not be tried in the suit in which the execution was issued, nor is that action a suit to enforce the lien. Such a suit within the meaning of the act, is one where the validity of the lien is liable to question in the proceedings to enforce it.

The demurrer is overruled, with costs.