## HOLMES and others *vs.* CHESTER.

Where one acting in a representative capacity, causes a levy to be made under an execution in his favor, on property not subject thereto, in a litigation between him and the owner of that property in respect to the levy, the latter is not debarred from testifying in his own behalf, by the fact that the former is sued in a representative capacity. In such case, he is not sued in a representative capacity, within the meaning of the statute.

Bill to quiet title. On final hearing on pleadings and proofs.

*Mr. J. B. Huffman,* for complainants.

*Mr. P. L. Voorhees,* for defendant.

THE CHANCELLOR.

This is a suit to quiet the title to certain land in Cape May county, which was conveyed to the complainant, Abigail H.

Holmes, on the 1st day of April, 1869, by her mother, Judith H. Holmes. Part of the land is still retained by Abigail, and the rest was subsequently, on the 19th of July, in the same year, conveyed by her and her husband, to her sister, Sarah T. Todd, also one of the complainants, who still holds the title thereto. Those deeds were recorded in a few days after they were made. The defendant claims to have a lien and encumbrance upon the property, under and by virtue of a writ of *fieri facias de. bonis et terris*, issued out of this court on a decree in his favor, against Judith H. Holmes for the payment of money. His suit, in which that decree was entered, was commenced on the 7th of October, 1869, after the execution, delivery and recording of the deeds above mentioned. The defendant, by demurrer, called into question the right of the complainant to maintain this suit, but it was held that it was within the provisions of the act " to compel the determination of claims to real estate in certain cases, and to quiet the title to the same." *Pamph. L.*, 1870, *p.* 20 ; *Holmes* v. *Chester*, 11 *C. E. Green* 79. The defendant answered, and the complainant replied. By the answer, the defendant admits the execution and delivery of the above-mentioned conveyances to Abigail H. Holmes and Sarah T. Todd, but attacks them on the ground of fraud, alleging that they were made to hinder and defeat him in the recovery of the claim for which his suit was brought. The complainants having filed a replication, and no issue at law having been asked for, they took testimony to prove the allegations of their bill, and offered in evidence the deed to Abigail H. Holmes. The defendant examined no witness, and offers no evidence whatever. Among the witnesses sworn were the complainants. The material allegations of the bill are admitted by the answer. It admits, as before stated, the execution and delivery of the deeds to Abigail H. Holmes and Sarah T. Todd, respectively, and that they are in possession of the property, but alleges that the deeds are of no effect as against the defendant's decree, because of fraud. It was incumbent on him to prove the alleged fraud. Having failed to prove it, the case of the complain-

ants would stand on the admissions of the answer alone. In addition to these is the proof. From this, it appears that the conveyance to Abigail H. Holmes, was made in good faith for the consideration of $3000, due from Judith H. Holmes to James Holmes, the husband of Abigail; that this sum was the full value of the property, and that after the conveyance to Abigail, James put improvements, of the value of from $4000 to $5000, on the property, in buildings, fences, &c., &c. Objection was made on the hearing (though none was made when the testimony was taken, as appears by the record,) to the testimony of the complainants, as being incompetent, because, as is alleged, the defendant is sued in a representative capacity. But when one acting in a representative capacity, causes a levy to be made under an execution in his favor, on property not owned by the defendant in the execution, the owner of the property levied on cannot be deprived of his testimony in protection of his rights, merely because the aggressor is, in a certain sense, acting in a representative capacity. The latter, when prosecuted in such case, cannot be regarded as having been sued in a representative capacity, within the meaning of the statute.

There will be a decree for the complainants.