THOMAS SULLIVAN et al.

*v.*

ELLA C. JENNINGS et al.

Although a bidder at a sheriff's sale under a foreclosure may, by his own wilfulness, have put himself in a position where the court would not, on his application, relieve him from the consequences of his bid, yet the court will refuse to compel the specific performance of such a bid, where its enforcement must be unjust to the bidder and unconscionabiy advantageous to the mortgagee.

---

On order to show cause why a purchaser at a foreclosure sale should not be required to pay the amount of his bid.

Sullivan v. Jennings.

*Mr. J. Herbert Potts,* for the application.

*Messrs. Riker & Riker, contra.*

THE CHANCELLOR.

The defendant, Ella C. Jennings, owned a tract of land in Essex county which was subject, first, to a mortgage for $1,800, held by a physician, David C. Smith, and, second, to a mortgage for $2,000, held by the complainants, and then to two judgments for amounts aggregating $400.

. Upon the land there was a green-house, a wind-mill and a water-tank house, upon which the complainants held, and yet hold, a chattel mortgage for $1,050.

The complainats filed their bill to foreclose their mortgage for $2,000. They made the holders of the judgments and the owner of the land and her husband parties to the suit. Dr. Smith was not made a party, and no reference was made to the chattel mortgage.

The mortgaged premises were sold in pursuance of the decree in the suit, subject to Dr. Smith's mortgage and to whatever claim the complainants may have under their chattel mortgage.

At the time of the sale, Dr. Smith had but little knowledge of legal matters, and was so self-reliant that he failed to take legal advice, and concluded to bid at the sale for the purpose, as he thought, of protecting his mortgage. As the sale was postponed from time to time, and he could not spare sufficient time to attend upon it, he authorized the under-sheriff, who had the sale in charge, to bid for the property, in his name, an amount not exceeding $2,500. He had calculated that that sum would pay the expenses of the sale and protect his mortgage. The property was struck down to him for $2,350.

The sum bid will not quite satisfy the decree of the complainants, and Dr. Smith, if he shall be held to his bid, must pay nearly $4,500 for land which is proved to be worth about $1,000 less than that sum, and to take it either without the green-house, wind-mill and water-tank house, which are covered by the chattel mortgage, or contest the lien of that mortgage, or satisfy it.

The complainants seek to take advantage of the mistake that Dr. Smith so carelessly made, and claim that it is a mistake of well-settled law against which this court will not relieve.

I fail to perceive any ground upon which I could relieve Dr. Smith from his bid, if he were the applicant before me. To use the words of the Vice-Chancellor, in *Hayes* v. *Stiger, 2 Stew. Eq. 196, 198*, "A purchaser at a judicial sale who voluntarily abstains from all effort to get correct information, and deliberately assumes the hazard of making a purchase ignorantly must, as a general rule, bear the consequences of his own negligence." But the complainants are the applicants. They did not make Dr. Smith a party to their foreclosure. They are the holders of the chattel mortgage against which the Doctor must contend, and they ask that he may be compelled to pay more for the property than it is worth, not because of any equity in their favor, but because he has placed himself under legal obligation to pay it, and because the payment will redound to their advantage.

The specific performance of an agreement rests in the sound discretion of the court. It is a matter of favor, not of right. To secure the court's favor the agreement should be just, equal and agreeable to good conscience, and not a catching bargain. The contract here is not such an agreement, it is not conscionable, and should not be enforced in a court of equity. *Crane* v. *DeCamp, 6 C. E. Gr. 414.*

When Dr. Smith made his bid he did not design to trifle with the court. I am satisfied that he intended in good faith to bid for the protection of his own interests, and that he now withholds the amount of his bid solely to obtain relief, if possible, from the consequences of his error. So far then as the element of contempt, in the Doctor's attitude, is concerned, I fail to see that it is deserving of such punishment as the granting of this application will inflict.

The parties should be left to their remedy and defence at law. I am guided to this conclusion by the action of the Vice-Chancellor in *Twining* v. *Neil, 11 Stew. Eq. 470.*

The order to show cause will be discharged, and the application denied, but without costs.