WEST JERSEY AND SEASHORE RAILROAD COMPANY

*v.*

EDWIN A. SMITH et al.

[Decided April 22d, 1905.]

1. In the absence of fraud, gross injustice, irremediable injury, or other ground of equitable jurisdiction, a court of chancery will not restrain a threatened sale under execution against one person of property claimed by another, though the latter has a bill to quiet title pending.

2. Where real estate claimed by complainant is threatened with a sale under execution against another, the fact that the execution creditor stood by and saw money being expended on the property without executing his judgment then, was no such fraud as to warrant the restraining of the sale.

On motion for a preliminary injunction. Heard on bill and affidavits, and affidavits in opposition thereto.

*Messrs. Bourgeois & Sooy,* for the petitioners.

*Mr. William M. Clevenger,* for Edwin A. Smith and Kingan & Company.

GARRISON, V. C.

The complainant is in possession of certain real estate at Atlantic City, New Jersey, and has filed its bill under the statute to quiet its title with respect thereto.

Subsequent to the filing of that bill certain of the defendants, namely, Smith and Kingan & Company, caused executions to be issued upon judgments recovered by them against Charles P. Conover and J. Kenneth Thompson, and to be levied upon the premises in question.

Conover and Thompson at one time had title to this property, and the title claimed by the complainant runs back through the title of Conover and Thompson.

The complainant presented a petition in the suit, praying that an injunction might issue restraining the sale under the judgments recovered by Smith and Kingan & Company until the determination by the court of the main case, *i. e.,* the bill to quiet title.

To issue this injunction would be directly in the face of the authorities in this state. *Freeman* v. *Elmendorf,* 7 *N. J. Eq. (3 Halst.) 475 (Chancellor Halsted, 1849)* ; *affirmed on appeal,* 7 *N. J. Eq. (3 Halst.) 655; American Dock, &c., Co.* v. *Trustees of Public Schools,* 32 *N. J. Eq. (5 Stew.) 440 (Chancellor Runyon, 1880)* ; *S. C. on appeal,* 35 *N. J. Eq. (8 Stew.) 246 (Court of Errors and Appeals, 1882)* ; *Sheldon* v. *Stokes,* 34 *N. J. Eq. (7 Stew.) 87 (Chancellor Runyon, 1881)* ; *Dawes* v. *Taylor,* 35 *N. J. Eq. (8 Stew.) 40 (Chancellor Runyon, 1882)* ; *Maisch* v. *Hoffman,* 42 *N. J. Eq. (15 Stew.) 116 (Chancellor Runyon, 1886)* ; *Swayze* v. *Hackettstown National Bank,* 44 *N. J. Eq. (17 Stew.) 9 (Chancellor McGill, 1888)* ; *affirmed on appeal,* 45 *N. J. Eq. (18 Stew.) 368.*

The principles deducible from the above cases are that, in the absence of fraud, gross injustice, irremediable injury or other ground of equitable jurisdiction, a court of chancery will not restrain a threatened sale under execution against one person of property claimed by another person, and that such injunction will not be issued in aid of a bill filed to quiet title under the statute.

The petitioner seeks to show that fraud has been committed here by these defendants because, it says, they stood by and saw people expend money upon this property without executing their judgments then.

This might be a reason why the complainant could require these defendants to be restricted to the value of the property before the money was expended upon it, but is not, in my judgment, any reason for restraining them from executing their judgments.

Since what the complainant is seeking to do in this proceeding is to attack the validity of the judgments, and not to have them restricted to the property as it was before the money was

expended upon it, I do not have to consider or decide what the law would be if the latter situation was presented.

In so far as the complainant complains that irremediable injury will come to him, the best answer is in the opinion of the court of errors and appeals in the case of *Freeman* v. *Elmendorf, supra* (at *p. 656*) :

"It was suggested with truth upon the argument, that permitting the sale to be made under the execution will subject the complainants to the necessity of paying the execution, or subject them to the hazard of having the land sacrificed to a purchaser willing to speculate upon the hazard of a law suit. It may be further suggested that if the purchaser should be unwilling to bring an ejectment, the effect of a sale would be to cast a cloud upon the title of the complainants.

"But it is obvious that the same objections exist in every case where the sheriff, upon an execution against one, should attempt to sell land, the title to which is claimed by another. And yet in such case equity ordinarily will not interfere, and for manifest reasons. In truth, a court of equity has no jurisdiction where the whole question involved is a question of legal title. If the sheriff is enjoined from selling under the execution, there is no mode in which the question of title could be tried at law. A court of equity must make the injunction perpetual, and to that end must necessarily try and decide the legal title."

The petitioner has failed to convince me that there is any equitable question involved in his proceeding.

The sole question is whether certain judgments are or are not valid liens against premises, title to which is claimed by complainant.

If they are not liens the sheriff's sale will do no harm to the complainant. If they are liens, the sale should not be enjoined. Whether they are or are not is a legal and not an equitable question.

Under the authorities the injunction must be refused, and I will so advise.