ISAAC ALPERN

*v.*

CHARLES H. BEHRENBURG et al.

[Decided September 21st, 1910.]

1. The question whether title taken at sheriff's sale under judgments is superior to title under a conveyance from the judgment debtor before the judgments were recovered, but recorded after their recovery, is purely one of law, to be answered by a court and jury.

2. In the absence of fraud, gross injustice, irremediable injury, or other ground of equitable jurisdiction, chancery will not restrain a threatened sale under execution against one person of property claimed by another, and such injunction will not be issued in aid of a bill filed to quiet title under the statute.

Motion for an injunction in a statutory suit to quiet title, &c. (*P. L. 1870 p. 20*), to restrain sheriff's sale of complainant's land under execution, upon a judgment recovered against a former owner of the land. Heard on bill and answering affidavits.

*Mr. David H. Bilder,* for the complainant.

*Mr. Frederick W. Van Blarcom,* for the defendants.

STEVENSON, V. C.

My conclusion is that the motion for a preliminary injunction must be denied, and the order to show cause with preliminary restraint vacated.

The decision of Vice-Chancellor Garrison in *West Jersey and Seashore Railroad Co.* v. *Smith (1905), 69 N. J. Eq. (3 Robb.) 429,* with the prior New Jersey decisions therein cited is absolutely controlling in this present case.

The complainant points out that the case is one of hardship because a subsequent purchaser from the party taking title

through the sheriff under the execution may stand in the position of a *bona fide* purchaser for value without notice.

The argument ignores the fact that according to the bill the complainant is in peaceable possession of the premises under a deed which is of record, and that notice of the pendency of this present suit may be filed. But any argument based upon conditions of hardship would seem to have little force in this sort of a case as is plainly indicated in Vice-Chancellor Garrison's opinion and in other prior decisions.

So far as this court is concerned, there seems to be a rigid rule which prevents the issuing of an injunction in a case like this to restrain the transformation of a doubtful encumbrance, consisting of a judgment at law, into a doubtful title. The party in peaceable possession and claiming title is not allowed to have the status of the judgment fixed so that he may pay the same if it is found to be valid; he must either pay the judgment, whether an encumbrance on his property or not, or take the chances of his being able subsequently to maintain his title against what has ceased to be in form a mere encumbrance and has become in form a complete hostile title. This result, as the cases plainly show, has been reached by following and applying the rule laid down in 1850, by Chief-Justice Green, for the court of errors and appeals, in *Freeman* v. *Elmendorf, 7 N. J. Eq. (3 Halst. Ch.) 655, 657*. In this leading case the hardship of the complainant's situation is fully recognized. The language of Chief-Justice Green, in which this feature of the complainant's case is discussed, is quoted by Vice-Chancellor Garrison in the above-cited case (at *p. 431*). But it should be borne in mind that the case of *Freeman* v. *Elmendorf* was decided twenty years before this new and wider equitable action, not only to quiet the title of complainants, but to compel the *determination* and settlement of claims in certain cases, was created by statute.

Chancellor Green's argument derives its whole force from the fact that before the act of 1870 was passed, parties in peaceable possession of land under claim of title, were liable to suffer greatly from outstanding hostile claims, the validity and extent of which could not be forced to a determination in any way by the unfortunate party in possession claiming to be the absolute

owner. The old equitable suit *quia timet* to remove a cloud was an exceedingly limited and meagre remedy applicable to a small class of cases. A suit to redeem or to secure the surrender and cancellation of an instrument, could not provide a remedy against a judgment which the complainant was obliged to admit to be absolutely valid, his claim being merely that such judgment was not collectible out of his (the complainant's) property.

It is not denied in this case that the complainant may maintain his bill against a party holding a judgment in order to have the judgment either declared void as an encumbrance, or if valid as an encumbrance, to have the extent of it ascertained in order that he may pay and discharge the same. It is not denied that the complainant may also maintain the statutory suit against a defendant who has taken title through an execution sale under the doubtful judgment, but who stands quiescent without instituting any action in which his rival title can be tested. And yet it seems the complainant cannot have an injunction to prevent the doubtful judgment from developing into a doubtful hostile title while his statutory action is pending. I cannot avoid the surmise that the application of the rule laid down in *Freeman* v. *Elmendorf* to the case where the complainant stands moving for a preliminary injunction in a suit which he has brought under the statute of 1870, was made without any recognition of the essential nature of this new statutory action, and the very great difference which the creation of this new remedy made in the position of parties in peaceable possession of land with respect to doubtful and hostile outstanding claims of all kinds. In the case of *Fittichauer* v. *Metropolitan Fireproofing Co.* (*1905*), *70 N. J. Eq.* (*4 Robb.*) *429*, I endeavored to indicate the nature of the new equitable remedy provided by the act of 1870, and any discussion of that subject would be little more than a repetition of what is set forth in the opinion in that case.

Vice-Chancellor Garrison in deciding the case of *West Jersey, &c., Co.* v. *Smith* was bound by the rule laid down in the *Elmendorf Case*, the same having been expressly adopted in the prior cases which he cites, where preliminary injunctions in suits

brought under the statute of 1870 had been denied. Whether the rule is sound or not it seems quite plain that this court cannot alter it.

I intended to point out at the start that the controversy between the complainant and the defendants holding these judgments and threatening to sell under their executions, presents no equitable question whatever. The matter in dispute is strictly legal in its nature. The question whether the title taken from the sheriff based upon these judgments is or is not superior to the title of the complainant under a conveyance from the judgment debtor made before the judgments were recovered, but recorded after they were recovered, is purely one of law to be answered by a court and jury. The determining inquiry seems to be whether under the circumstances of the case the complainant had such possession under his deed prior to the recording of this deed as amounted to notice to the judgment creditors in entering their judgments. It may be urged with force, I think, on behalf of the complainant, that he ought to be allowed to come into a court of equity and take the position that he has done no wrong, has paid full value for his land, has possibly been subjected to the encumbrance of these judgments by the mistake of his lawyer in failing promptly to record his deed, and that he ought to be allowed to have, first, a *determination* of the question whether these judgments are or are not collectible out of his property, in order that if they are found to be encumbrances he may pay them, and thus prevent their developing into an absolute hostile title which will wipe out his entire estate; and second, in case the judgments are found not to be encumbrances, or not collectible out of his property, he may have the advantage of the decree of the court to that effect quieting his title under the statute. By applying to this situation the rule laid down in *Freeman* v. *Elmendorf,* in 1850, it would seem that in cases of the kind now before this court complainants are deprived of a large part of the benefit of the remedial statute of 1870. That an injunction restraining an execution sale and sheriff's deed afforded little, if any, relief to a complainant against certain hardships under the law as it stood in 1850, does not seem to me to constitute a very strong argument in favor of

denying an injunction when the same is practically essential to give complainants the benefits of the new and wider equitable remedy created by the statute of 1870.

But whatever may be my own notions as to what the law and practice ought to be in suits of this sort, the rule seems to be well settled, as declared by Vice-Chancellor Garrison, that "in the absence of fraud, gross injustice, irremediable injury or other ground of equitable jurisdiction, a court of chancery will not restrain a threatened sale under execution against one person or property claimed by another person, and that *such injunction will not be issued in aid of a bill filed to quiet title under the statute.*"