ALICE A. DEY and LEULLA B. DEY

v.

FLORENCE M. ALLEN, D. P. FORST & Co. et al.

[Decided September 21st, 1910.]

1. In a contest between judgment creditors for surplus moneys in a foreclosure suit arising from the sale of the judgment debtor's land conveyed by him to defraud his creditors, the surplus will be awarded to that judgment creditor to be applied on his judgment, so far as it will extend, who alone, not only recovered judgment and made a levy on the land, but also filed a bill in this court in aid of his judgment to have the debtor's conveyance set aside as fraudulent and void as to such creditor, and prosecuted such suit to a decree in his favor, notwithstanding the other judgment creditors have prior judgments and prior levies on the same land.

2. A creditor's suit in this court in aid of a judgment at law is entirely self-serving, and one for the benefit of the complainant alone.

On bill, &c.   On exceptions to master's report.

*Messrs. John S. Applegate & Son,* for Humphrey & Martin.

*Mr. Clarence H. Murphy,* for Lynch & Livingston.

*Mr. Edwin C. Long* and *Mr. Linton Salterthwait,* for D. P. Forst & Co.

*Mr. Joseph Reiley,* for Florence M. Allen.

WALKER, V. C.

Robert E. Allen, late of the county of Monmouth, being seized of certain land and premises there situate, mortgaged the same to the complainants, his wife joining in the mortgage and releasing her dower. Afterwards Allen conveyed the mortgaged premises to a third party, his wife likewise joining therein and releasing her dower. After divestiture of title judgments were recovered against Allen by Lynch & Livingston, Humphrey & Martin and D. P. Forst & Co., in the order named, although Humphrey & Martin issued execution and secured a levy prior to Lynch & Livingston. The premises afterwards, by mesne conveyances, became vested in Mrs. Allen.

D. P. Forst & Co. filed a bill in this court in aid of their judgment to have the conveyances set aside as fraudulent and void as against them. This suit they prosecuted to a finality and obtained a decree avoiding the conveyances in favor of their judgment and execution.

Subsequent to the recovery of these judgments suit was instituted to foreclose the complainants' mortgage and the judgment creditors were made parties defendant. Such proceedings were had therein that a sale of the mortgaged premises was made under *fi. fa.* and the sum of $590.01 surplus money, has been raised. Humphrey & Martin have petitioned for this surplus upon the ground that their execution was first levied upon the mortgaged premises. The master reports that they are entitled to the fund, and that Lynch & Livingston have the second lien, and D. P. Forst & Co. the third lien.

D. P. Forst & Co. except to the master's report and insist that their judgment should be first paid, together with the costs of their suit brought in this court, to set aside the fraudulent conveyances. In my opinion they are right in this contention. A suit in this court in aid of a judgment at law has been held to be entirely self-serving and one for the benefit of the complainant alone. *Whitney* v. *Robbins, 17 N. J. Eq. (2 C. E. Gr.) 360; Jones* v. *Fayerweather, 46 N. J. Eq. (1 Dick.) 237* (at *pp. 255, 256*); nor is *Kinmouth* v. *White, 61 N. J. Eq. (16 Dick.) 358,* out of harmony with this view. In that case it was held in this court that where judgment creditors bring suits to set aside fraudulent conveyances which are void as to them all, their priorities against the property conveyed are in the order of their levies, which, of course, is consonant with the doctrine of priority of levy. In that case each judgment creditor who was contending for the property of the fraudulent debtor, not only recovered judgment and secured a levy, but brought a bill to set aside the conveyances which stood in the way of their recovery, and the suits, while not consolidated, being tried together by consent, an adjudication was made as to them all. Had not each pursued his remedy to the uttermost, he would not, as I understand it, have been entitled to relief, and to have had his judgment established in the order of priority secured by levy. Now, in this matter, Humphrey & Martin and Lynch & Livingston might have proceeded at law and sold the land on which they levied and brought ejectment to test the validity of the conveyances, or they could have filed bills in this court for the removal of the fraudulent conveyances out of their way and then sold the premises under their executions. *Kinmouth* v. *White, ubi supra* (at *p. 360*). They pursued neither of these remedies, and therefore, the land in question, or rather the surplus money which stands in the place of the land itself in respect to liens (*Servis* v. *Dorn, 76 N. J. Eq. (6 Buch.) 241*), is beyond their grasp.

Of these several judgment creditors of Allen, D. P. Forst & Co. alone have pursued the property and secured an adjudication that the conveyances were fraudulent and void as to them. There is no adjudication that they were fraudulent and void

as to the other creditors.  Their (D. P. Forst & Co.'s) debt has become fastened upon this particular property, the debts of the others have not, and D. P. Forst & Co. are, therefore, entitled to the fruits of their diligence.

Mrs. Allen joined her husband in his voluntary conveyance of the property in question and thereby released her right of dower.  The premises afterwards came to her by mesne conveyances as already stated and were her property when sold under the *fi. fa.* in the foreclosure suit.  Therefore, she had no estate in dower in the premises sold and is not entitled to any interest in the surplus money.

The exceptions to the report will be sustained and an order made awarding the surplus money to D. P. Forst & Co., in payment of their judgment and costs of suit, which will exhaust the fund and leave some balance unpaid.