ELLA E. SMITH

*v.*

NUR J. COLLINS et al.

[Submitted March 22d, 1913.   Determined March 29th, 1913.]

1. In this state it has been repeatedly and uniformly held that in the absence of fraud, gross injustice, irremediable injury or other ground of equitable jurisdiction, a court of chancery will not restrain a threatened sale under execution upon a judgment at law against one person of property claimed by another person.

2. The principle upon which these decisions are based clearly applies with equal force to a case in which the complainant is the judgment debtor and the ground of the relief sought from this court is that complainant's sole estate in the property which is threatened to be sold is an estate which cannot be reached by process of law.

3. The judgment creditor is entitled to assert the existence of a legal estate in his judgment debtor and to have his claim of legal title tried by a legal tribunal.

On bill for injunction to restrain sheriff's sale.   Heard at return of order to show cause.

*Mr. S Cameron Hinkle,* for the complainant.

*Mr. William M. Clevenger,* for the defendants.

LEAMING, V. C.

Complainant is a judgment debtor and seeks to enjoin a sale under an execution issued upon the judgment.   The execution

has been levied on the interest of complainant in certain real estate.

It is averred in the bill that the interest of complainant in the real estate levied on arises under the will of her husband. By that will complainant is given the income of the estate, including the income of the land in question, during her life. At her decease the *corpus* of the estate is given to children of testator. The provisions of the will in favor of complainant are as follows:

"I order and direct that my estate be kept intact as nearly as possible in order that the income derived therefrom may be enjoyed by my wife, Ella Smith, during the term of her natural life, and I devise and bequeath to her all the income from my estate for that period."

No trustee is named in the will.

It is contended in behalf of complainant that under the provisions of the will of her husband her estate in the land which has been levied on is a purely equitable estate and cannot, in consequence, be levied on and sold by process of execution issued from a court of law. This court is on that ground asked to enjoin the sale and thus prevent the sale from creating a cloud upon the title of complainant. Succinctly stated the claim of complainant is, that the will of her husband bestows upon her only the right to receive the income of her husband's estate during her lifetime and that such an estate is an equitable life estate and, as such, cannot be sold under legal process without the aid of this court. Defendant claims the complainant has a legal estate in the lands which is subject to levy and sale under his execution.

In this jurisdiction it has been repeatedly and uniformly held that in the absence of fraud, gross injustice, irremediable injury or other ground of equitable jurisdiction, a court of chancery will not restrain a threatened sale under execution against one person of property claimed by another person. These decisions are collected in *West Jersey and Seashore Railway Co.* v. *Smith, 69 N. J. Eq. (3 Robb.) 429.* It will be observed that the cases there cited have uniformly arisen in instances in which

the processes against which restraints have been sought have been against a former owner as judgment debtor. But the principle upon which these decisions are based clearly applies with equal force to a case in which the complainant is the judgment debtor, and the ground of the relief sought from this court is that complainant's sole estate in the property which is threatened to be sold is an estate which cannot be reached by process of law. The principle to which I refer is that the judgment creditor is entitled to assert the existence of a legal estate in his judgment debtor and to have his claim of legal title tried by a legal tribunal. This right is forcefully stated in the earliest of the line of decisions referred to. *Freeman* v. *Elmendorf, 7 N. J. Eq. (3 Halst.) 475; S C., 7 N. J. Eq. (3 Halst.) 655.* It is undoubtedly true that if complainant herein, the judgment debtor, has no interest in the land against which the judgment is being enforced other than an equitable estate no title will pass at the threatened sale, for it is well settled that a judgment at common law is not a lien upon a mere equitable estate or interest, nor is such interest the subject of a levy and sale by virtue of an execution at law unaided by a decree of a court of equity. *Vancleve* v. *Groves, 4 N. J. Eq. (3 Gr. Ch.) 330; Halsted* v. *Davison, 10 N. J. Eq. (2 Stock.) 290; Williams* v. *Baker, 62 N. J. Eq. (17 Dick.) 563.* But the relief here sought by complainant necessarily involves a determination by this court that complainant has no legal estate in the lands in controversy and denies to defendant the judgment of a legal tribunal upon that aspect of his claim. I think it clear that the authorities collected in *West Jersey and Seashore Railway Co.* v. *Smith, supra,* must be considered as conclusive against the right of this court to interfere with the execution of the legal process here in question.

I will advise an order dismissing the order to show cause.