This is a bill to quiet title, filed pursuant to the provisions of the statute. 4 Comp. Stat. 5399. All the jurisdictional facts are alleged in the bill and were proved at the hearing. The facts then disclosed are that one Jensen acquired title to the premises in question by deed dated September 11th, 1923, and duly recorded. Jensen conveyed to Nielson by deed dated July 18th, 1924, but not recorded until February 26th, 1926. Nielson conveyed to Mezinis by deed dated September 10th, 1924, and recorded December 17th, 1924. *Page 135 
Mezinis built a house on the land and then conveyed to complainants, Majewski, by deed dated September 1st, 1925, recorded November 27th, 1925. Majewski immediately went into possession and with his family has since occupied the house and premises and is now in peaceable possession. The defendant recovered a judgment in the supreme court against Jensen on January 11th, 1926, prior, it will be noted, to the recording of the deed from Jensen to Nielson. Execution was issued thereon and levy made thereunder on the lands here involved. This bill seeks the determination of the validity and extent of the claim of the defendant by virtue of the judgment and levy as against the premises described in the bill. It is important to bear in mind that this bill does not seek an injunction to restrain a sale under the execution.
The defendant contends that the bill is not maintainable as a bill to quiet title as the issue is purely a legal one, citing in support of this contention West Jersey Railroad Co. v. Smith,69 N.J. Eq. 429; Alpern v. Behrenburg, 77 N.J. Eq. 373; Smith
v. Collins, 81 N.J. Eq. 349, and Freeman v. Elmendorf,7 N.J. Eq. 655; also that the judgment is a lien on the lands described prior to the interest of the complainants because entered before the recording of the deed from Jensen to Nielson and because of the provisions of section 54 of the act respecting conveyances. 2 Comp. Stat. p. 1553.
Complainants rely on Holmes v. Chester, 26 N.J. Eq. 79, as authority for maintaining the bill. It was there held that a party seeking to quiet title in such a case need not wait until after the land is sold and the deed delivered to the purchaser before coming into this court for relief under the act to quiet titles, c., and that the act was remedial and should be liberally construed. It is contended on behalf of the defendant, however, that this case is no longer an authority in view of the decisions above cited. An examination of this and other cases involving this point convinces me that all the decisions referred to may be reconciled and that the bill is maintainable.
In Sullivan v. Jennings, 44 N.J. Eq. 11, it was held that *Page 136 
this court has no right to restrain by injunction a sale under execution at law on the ground that the lien of the judgment is invalid. In that case Holmes v. Chester was relied upon by the complainant, but the court explained that that decision was on demurrer to the bill and that the question of injunction was not involved, referring to Holmes v. Chester, on final hearing, 27 N.J. Eq. 423. In Lembeck v. Jersey City, 30 N.J. Eq. 554,
it was held that under the act to quiet titles a bill may be filed for relief against an alleged lien or municipal assessment for improvement. Holmes v. Chester was cited by the court as an authority, and it was decreed that the assessments were not a lien. No injunction was prayed for in that bill.
In West Jersey and Seashore Railroad Co. v. Smith, supra, Vice-Chancellor Garrison held that —
"In the absence of fraud, gross injustice, irremediable injury or other ground of equitable jurisdiction, a court of chancery will not restrain a threatened sale under execution against one person or property claimed by another person, and that suchinjunction will not be issued in aid of a bill filed to quiettitle under the statute."
The court there reviewed a number of cases decided by the courts of this state, and amongst others those cited by the defendant. It is significant, however, that neither Holmes v.Chester, supra, nor Lembeck v. Jersey City, supra, were referred to. The vice-chancellor, in the course of his remarks, said:
"The sole question is whether certain judgments are or are not valid liens against premises, title to which is claimed by complainant. If they are not liens the sheriff's sale will do no harm to the complainant. If they are liens, the sale should not be enjoined. Whether they are or are not is a legal and not an equitable question."
In Alpern v. Behrenburg, supra, the facts were somewhat similar to those in the case sub judice, but the relief prayed for was different. That matter was heard on application for preliminary injunction to restrain a sheriff's sale. Relief was denied on authority of West Jersey and Seashore Railroad *Page 137 Co. v. Smith. While there Vice-Chancellor Stevenson felt bound to follow what he termed "a rigid rule" as laid down in previous decisions, his sense of justice rebeled as is indicated by a reading of his interesting opinion, and the wisdom of applying the rule of Freeman v. Elmendorf to cases arising since the statute was questioned. The distinction between the instant case and those here cited in support of the defendant's contention was recognized by the vice-chancellor in the following language:
"It is not denied in this case that the complainant may maintain his bill against a party holding a judgment in order to have the judgment either declared void as an encumbrance, or if valid as an encumbrance, to have the extent of it ascertained in order that he may pay and discharge the same. It is not denied that the complainant may also maintain the statutory suit against a defendant who has taken title through an execution sale under the doubtful judgment, but who stands quiescent without instituting any action in which his rival title can be tested. And yet it seems the complainant cannot have an injunction to prevent the doubtful judgment from developing into a doubtful hostile title while his statutory action is pending. * * * It may be urged with force, I think, on behalf of the complainant, that he ought to be allowed to come into a court of equity and take the position that he has done no wrong, has paid full value for his land, has possibly been subjected to the encumbrance of these judgments by the mistake of his lawyer in failing promptly to record his deed, and that he ought to be allowed to have, first, a determination of the question whether these judgments are or are not collectible out of his property, in order that if they are found to be encumbrances he may pay them, and thus prevent their developing into an absolute hostile title which will wipe out his entire estate; and, second, in case the judgments are found not to be encumbrances or not collectible out of his property, he may have the advantage of the decree of the court to that effect quieting his title under the statute."
The injunction prayed for was denied in that case and in *Page 138 Smith v. Collins, supra, the question of an injunction was also involved. The true rule is that while a bill for an injunction to restrain a sheriff's sale under execution in circumstances similar to these would not be maintainable, it is maintainable to determine the validity and extent of the lien of the judgment as applied to the premises in question, because this is the very purpose of the statute as is indicated both by its title and text.
The appropriate application of the act to the instant case is clearly shown by the facts. The complainant was in peaceable possession here and would have known nothing of the judgment except for his application to a building and loan association for a mortgage and the consequent examination of the records by that association. Without a determination of the extent and validity of the judgment as respects the lands here involved, the complainants are blocked in their financial plans.
The remaining question is as to the priority of the interests of the judgment creditor and the complainant, and this resolves itself into a question of notice. The burden of proving such notice is on the complainant. Hodge's Executors v. Amerman,40 N.J. Eq. 99. But whatever puts the party upon inquiry amounts to notice. Lee v. Woodworth, 3 N.J. Eq. 37; Smallwood v. Lewin,15 N.J. Eq. 60; Hoy v. Bramhall, 19 N.J. Eq. 564. Constructive notice is just as effectual as actual notice. Hodge's Executors
v. Amerman, supra. And whatever is sufficient to charge a purchaser with notice is sufficient to charge a judgment creditor with notice. Tack Co. v. Ayres, 56 N.J. Eq. 56. The possession of the complainants is here relied upon as notice to the defendant. This possession was visible, open and notorious, and was amply sufficient to put anyone on inquiry. In Hodge'sExecutors v. Amerman, the court said:
"But it is not necessary in order to establish the fact of notice in such cases, to show that the person to be affected by the notice knew of the possession of the other. If the possession of the other is of the character required by the law — if his possession has the notoriety, certainty and exclusiveness *Page 139 
which the law says shall constitute notice — then, notice is a legal deduction from the fact of possession, and all persons dealing with the title to the land in his possession are chargeable with notice of his possession, whether they have actual knowledge of his possession or not. The reason of the rule is this: That it is the duty of a person, who proposes to deal respecting the title to a particular tract of land, to ascertain, in advance, who is in possession of it, and by what right he claims to hold it, and if he neglects this duty it is only just that he should be charged with the knowledge that he would have obtained had he performed it."
In LaCombe v. Hedley, 91 N.J. Eq. 63, the court said:
"It is entirely settled, both in this state and elsewhere, that possession of land, if open, notorious and unequivocal, constitutes notice of the lien or claim of right under which the party in possession occupies it, and this notice is effective, not only as to those who have actual knowledge of the occupation, but as to all the world."
Defendant contends that the time of the dealings "respecting the title" in the instant case was the time of the giving of credit by the defendant to Jensen, which was long prior to the conveyance to complainants and their possession, but I cannot agree with that contention. The time as of which priorities are to be determined is the date of the attaching of the liens, and the defendant's lien did not attach to this property until the entry of the judgment.
My conclusion is therefore that the lien of the defendant's judgment did not attach prior to the interest of the complainants, and that the premises in question are in no way affected by it. I will advise a decree accordingly. *Page 140