The complainant recovered in the Essex County Circuit Court a judgment against Richard Hillier for $4,280, and then brought suit in this court praying a decree that certain lands, of which Adelaide Rowland appeared to be the legal owner, were held in trust for the judgment debtor and subject to the lien of complainant's judgment. On February 5th, 1941, a final decree was made pursuant to this prayer. Complainant thereupon filed in the register's office a certified copy of the decree and on February 27th procured from the Circuit Court a writ of execution which was delivered to the sheriff that afternoon. *Page 331 
The same day, another judgment creditor of Hillier's, James H. McLeod, caused execution to be issued on his judgment and delivered it to the sheriff at about the same hour as complainant's execution. The sheriff levied under both writs against the property which stood in Mrs. Rowland's name. On petition of complainant, McLeod and the sheriff have been ordered to show cause why the sheriff should not proceed to sale, under complainant's writ, and why his writ should not be given priority over McLeod's execution.
It will be observed that both executions issued, not out of the Court of Chancery, but out of the Circuit Court; and that McLeod was not a party to the suit lately pending in Chancery.
Counsel for complainant and McLeod have cited a large number of cases on the meritorious question which creditor has priority. It is significant that none cited from our equity reports, exceptKinmonth v. White, 61 N.J. Eq. 358, arose on a motion to settle priorities between holders of executions out of a law court. In the Kinmonth Case, there were five judgment creditors, each of whom had filed a bill in Chancery to set aside the same fraudulent conveyance. The bills, although not consolidated, were heard and decided together. After the decrees, there was a sale by the sheriff and all the complainants came back to Chancery to have their priorities in the proceeds determined. This case would be authority for the present motion only if McLeod had come into this court for relief, or had been a party to complainant's bill.
In the other Chancery cases which have been cited by counsel, the question of priority arose in sundry ways, as in Dey v.Allen, 77 N.J. Eq. 522, on the distribution of surplus money in a foreclosure suit, or as in Swift Co. v. First NationalBank, 114 N.J. Eq. 417, on a bill to quiet title. In Sitley Son v. Morris, 73 N.J. Eq. 197, the executions issued out of this court.
Smith v. Collins, 81 N.J. Eq. 348, comes close in principle to the present proceeding. It was a bill to restrain an execution sale on the ground that the property levied on by the sheriff was an equitable interest which could not be sold in execution. Although the complainant was the debtor himself, *Page 332 
his position resembled that of the complainant in the case before me, who insists, among other things, that the debtor's interest in the Rowland land could not be reached by execution without the aid of Chancery. Vice-Chancellor Leaming, in the cited case, denied relief on the ground that "the judgment creditor is entitled to assert existence of a legal title in his judgment debtor and to have his claim of legal title tried by a legal tribunal."
There is no doubt of the competency of the Essex County Circuit Court on petition and motion to order the sheriff to proceed to a sale and to pay the money realized into that court and thereupon to determine whether complainant or McLeod is entitled to priority therein. McAdams v. Mundy, 79 N.J. Law 480; Heinselt
v. Smith, 34 N.J. Law 215; Woodruff v. Chapin,23 N.J. Law 555. There used to be a difficulty when the executions issued out of different law courts, but now, in such case, a justice of the Supreme Court may decide the controversy. R.S. 2:27-331.
In settling priorities, the law court is not limited to the record of the judgments and executions but may go into extrinsic evidence of any matter pertinent to the inquiry including even questions of fraud. Matthews v. Warne, 11 N.J. Law 295;Williamson v. Johnston, 12 N.J. Law 86. In such an inquiry, the proceedings in this court would, of course, be considered. The ultimate question for determination is purely legal, whether, considering the state of the title, the records in the law court, the record in this court, complainant or McLeod is entitled to priority. The order to show cause will be discharged for the reason that relief should be sought in the Circuit Court. *Page 333